SAMUEL L. FORGAY AND ELIZA ANN FOGARTY, WIFE OF E. W. WELLS, APPELLANTS, v. FRANCIS B. CONRAD, ASSIGNEE IN BANK-RUPTCY OF THOMAS BANKS.

A decree of the court below, that certain deeds should be set aside as fraudulent and void; that certain lands and slaves should be delivered up to the complainant; that one of the defendants should pay a certain sum of money to the complainant; that the complainant should have execution for these several matters; that the master should take an account of the profits of the lands and slaves, and also an account of certain money and notes, and then said decree concluding as follows, viz. " and so much of the said bill as contains or relates to matters hereby referred to the master for a report is retained for further decree in the premises, and so much of the said bill as is not now, nor has been heretofore, adjudged and decreed upon, and which is not above retained for the purposes aforesaid, be dismissed without prejudice, and that the said defendants do pay the costs," — was a final decree within the meaning of the acts of Congress, and an appeal from it will lie to this court.

But a decree that money shall be paid into court, or that property shall be delivered to a receiver, or that property held in trust shall be delivered to a new trustee appointed by the court, is interlocutory only, and intended to preserve the subject-matter in dispute from waste or dilapidation, and to keep it within the control of the court until the rights of the parties concerned can be finally adjudicated. From such a decree no appeal lies.

The attention of the Circuit Courts is called to the propriety of merely announcing their opinion in an interlocutory order, and withholding a decree setting aside titles and conveyances until the case is ready for a final decree.

The difference between the English and American practice upon this subject explained.

Where the defendants claimed separate pieces of property, conveyed at different times by separate conveyances, and the decree against them was several, it was not necessary for all to join in an appeal.

THIS was an appeal from the Circuit Court of the United States for the District of Louisiana.

The facts in the case are set forth in the opinion of the court.

Mr. Sergeant moved to dismiss the appeal, because the decree of the court below was not final, and because the appeal was not regularly brought up. On the second point, he said that there were several defendants, one only of whom had appealed. But all the parties must join. 7 Peters, 399. He referred the court, however, upon this point, to Todd v. Daniel, 16 Peters, 521. A case must not come up in fragments. 3 Peters, 307; 3 Dall. 188.

To show that the decree was not final, he referred to The Palmyra, 10 Wheat. 502; Chace v. Vasquez, 11 Wheat. 429; Brown v. Swann, 9 Peters, 1; Young v. Grundy, 6 Cranch, 51; Rutherford v. Fisher, 4 Dall. 22; Lea v. Kelly, 1 Peters, 213; Young v. Smith, 12 Peters, 287.

Mr. May, contra.

Against the motion to dismiss, it is submitted, —

1st. There are proper parties to this appeal.

The appellants have separate and distinct interests, and the

decree is several. Todd *v.* Daniel, 16 Peters, 523; McDonough *v.* Dannery, 3 Dallas, 188, 193, 198.

On order of court. The petition for an appeal by appellants alone is found in the record, p. 198. This was notice to the other defendants below of the appeal.

2d. The decree is final.

It decides the title of all the property in dispute, decrees that it be delivered up to the complainant, and that execution issue, &c. Wilson *v.* Daniel, 3 Dallas, 404. The whole law of the case, so far as the appellants are concerned, is settled by the decree; nothing is left to be done but the ministerial duty of stating an account, which in this case is in the nature of an execution to carry out the decree; the principles of the account are prescribed. It is like the case of Ray *v.* Law, 3 Cranch, 179 (explained in 10 Wheaton, 503). Whiting *v.* Bank of the United States, 13 Peters, 15.

Mr. Chief Justice TANEY delivered the opinion of the court.

A motion has been made to dismiss this appeal, upon the ground, that the decree in the Circuit Court is not a final decree, within the meaning of the acts of Congress of 1789 and 1803.

The bill was filed by the appellee, as the assignee in bankruptcy of a certain Thomas Banks, in the Circuit Court of the United States for the District of Louisiana, against the appellants, and Banks the bankrupt, and three other defendants. The object of the bill was to set aside sundry deeds made by Banks for lands and slaves, which the complainant charged to be fraudulent, and for an account of the rents and profits of the property so conveyed; and also for an account of sundry sums of money which he alleged had been received by one or more of the defendants, as specifically charged in the bill, which belonged to the bankrupt's estate at the time of his bankruptcy.

The case was proceeded in until it came on for hearing, when the court passed a decree declaring sundry deeds therein mentioned to be fraudulent and void, and directing the lands and slaves therein mentioned to be delivered up to the complainant, and also directing one of the defendants named in the decree to pay him eleven thousand dollars, received from the bankrupt in fraud of his creditors, and "that the complainant do have execution for the several matters aforesaid, in conformity with law and the practice prescribed by the rules of the Supreme Court of the United States." The decree then directs that the master take an account of the profits of the lands and slaves ordered to be delivered up, from the time of the filing

of the bill until the property was delivered, or to the date of the master's report, and also an account of the money and notes received by one of the defendants (who has not appealed) in fraud of the creditors of the bankrupt, and concludes in the following words: — "And so much of the said bill as contains or relates to matters hereby referred to the master for a report is retained for further decree in the premises; and so much of the said bill as is not now, nor has been heretofore, adjudged and decreed upon, and which is not above retained for the purposes aforesaid, be dismissed without prejudice, and that the said defendants do pay the costs."

Among the deeds set aside as fraudulent is one from the bankrupt to Ann Fogarty, otherwise called Ann Wells, for two lots in the city of New Orleans and sundry slaves which she afterwards conveyed to Forgay, the other appellant. Both of these deeds are declared null and void, and the lots, with the improvements thereon, and the negroes, directed to be delivered to the complainant for the benefit of the bankrupt's creditors. This part of the decree is one of the matters of which the complainant was to have execution. But the account of the rents and profits of this property is, like other similar accounts, referred to the master, and reserved for further decree.

The appeal is taken by Samuel L. Forgay and Ann Fogarty, otherwise called Ann Wells; and they alone are interested in that portion of the decree last above mentioned. The bankrupt and the three other defendants have not appealed. These three defendants claimed other property, which had been conveyed to them at different times and by separate conveyances, as mentioned in the proceedings. And it was not, therefore, necessary that they should join in this appeal. Todd v. Daniel, 16 Peters, 523.

The question upon the motion to dismiss is whether this is a final decree, within the meaning of the acts of Congress. Undoubtedly, it is not final, in the strict, technical sense of that term. But this court has not heretofore understood the words "final decrees" in this strict and technical sense, but has given to them a more liberal, and, as we think, a more reasonable construction, and one more consonant to the intention of the legislature.

In the case of Whiting v. The Bank of the United States, 13 Peters, 15, it was held that a decree of foreclosure and sale of mortgaged premises was a final decree, and the defendant entitled to his appeal without waiting for the return and confirmation of the sale by a decretal order. And this decision is placed by the court upon the ground, that the decree of foreclosure and sale was final upon the merits, and the ul-

terior proceedings but a mode of executing the original decree. The same rule of construction was acted on in the case of Michaud and others v. Girod and others, 4 Howard, 503.

The case before us is a stronger one for an appeal than the case last mentioned. For here the decree not only decides the title to the property in dispute, and annuls the deeds under which the defendants claim, but also directs the property in dispute to be delivered to the complainant, and awards execution. And according to the last paragraph in the decree, the bill is retained merely for the purpose of adjusting the accounts referred to the master. In all other respects, the whole of the matters brought into controversy by the bill are finally disposed of as to all of the defendants, and the bill as to them is no longer pending before the court, and the decree which it passed could not have been afterwards reconsidered or modified in relation to the matters decided, except upon a petition for a rehearing, within the time prescribed by the rules of this court regulating proceedings in equity in the Circuit Courts. If these appellants, therefore, must wait until the accounts are reported by the master and confirmed by the court, they will be subjected to irreparable injury. For the lands and slaves which they claim will be taken out of their possession and sold, and the proceeds distributed among the creditors of the bankrupt, before they can have an opportunity of being heard in this court in defence of their rights. We think, upon sound principles of construction, as well as upon the authority of the cases referred to, that such is not the meaning of the acts of Congress. And when the decree decides the right to the property in contest, and directs it to be delivered up by the defendant to the complainant, or directs it to be sold, or directs the defendant to pay a certain sum of money to the complainant, and the complainant is entitled to have such decree carried immediately into execution, the decree must be regarded as a final one to that extent, and authorizes an appeal to this court, although so much of the bill is retained in the Circuit Court as is necessary for the purpose of adjusting by a further decree the accounts between the parties pursuant to the decree passed.

This rule, of course, does not extend to cases where money is directed to be paid into court, or property to be delivered to a receiver, or property held in trust to be delivered to a new trustee appointed by the court, or to cases of a like description. Orders of that kind are frequently and necessarily made in the progress of a cause. But they are interlocutory only, and intended to preserve the subject-matter in dispute from waste or dilapidation, and to keep it within the control of the court

until the rights of the parties concerned can be adjudicated by a final decree. The case before us, however, comes within the rule above stated and the motion to dismiss is therefore overruled. We, however, feel it our duty to say, that we cannot approve of the manner in which this case has been disposed of by the decree. In limiting the right of appeal to final decrees, it was obviously the object of the law to save the unnecessary expense and delay of repeated appeals in the same suit; and to have the whole case and every matter in controversy in it decided in a single appeal.

In this respect the practice of the United States chancery courts differs from the English practice. For appeals to the House of Lords may be taken, from an interlocutory order of the chancellor, which decides a right of property in dispute; and therefore there is no irreparable injury to the party by ordering his deed to be cancelled, or the property he holds to be delivered up, because he may immediately appeal; and the execution of the order is suspended until the decision of the appellate court. But the case is otherwise in the courts of the United States, where the right to appeal is by law limited to final decrees. And if, by an interlocutory order or decree, he is required to deliver up property which he claims, or to pay money which he denies to be due, and the order immediately carried into execution by the Circuit Court, his right of appeal is of very little value to him, and he may be ruined before he is permitted to avail himself of the right. It is exceedingly important, therefore, that the Circuit Courts of the United States, in framing their interlocutory orders, and in carrying them into execution, should keep in view the difference between the right of appeal as practised in the English chancery jurisdiction and as restricted by the act of Congress, and abstain from changing unnecessarily the possession of property, or compelling the payment of money by an interlocutory order.

Cases, no doubt, sometimes arise, where the purposes of justice require that the property in controversy should be placed in the hands of a receiver, or a trustee be changed, or money be paid into court. But orders of this description stand upon very different principles from the interlocutory orders of which we are speaking.

In the case before us, for example, it would certainly have been proper, and entirely consistent with chancery practice, for the Circuit Court to have announced in an interlocutory order or decree the opinion it had formed as to the rights of the parties, and the decree it would finally pronounce upon the titles and conveyances in contest. But there could be no ne-

cessity for passing immediately a final decree annulling the conveyances, and ordering the property to be delivered to the assignee of the bankrupt. The decree upon these matters might and ought to have awaited the master's report; and when the accounts were before the court, then every matter in dispute might have been adjudicated in one final decree; and if either party thought himself aggrieved, the whole matter would be brought here and decided in one appeal, and the object and policy of the acts of Congress upon this subject carried into effect.

These remarks are not made for the purpose of censuring the learned judge by whom this decree was pronounced; but in order to call the attention of the Circuit Courts to an inconvenient practice into which some of them have sometimes fallen, and which is regarded by this court as altogether inconsistent with the object and policy of the acts of Congress in relation to appeals, and at the same time needlessly burdensome and expensive to the parties concerned, and calculated, by successive appeals, to produce great and unreasonable delays in suits in chancery. For it may well happen, that, when the accounts are taken and reported by the master, this case may again come here upon exceptions to his report, allowed or disallowed by the Circuit Court, and thus two appeals made necessary, when the matters in dispute could more conveniently and speedily, and with less expense, have been decided in one.

### Order.

On consideration of the motion filed by *Mr. Sergeant*, of counsel for the appellee, to dismiss this appeal, and of the arguments of counsel thereupon had, as well against as in support of the said motion, it is now here ordered by this court, that the said motion be and the same is hereby overruled.