JAMES THOMSON, APPELLANT, *v.* JENNETTE C. THOMSON, RESPONDENT.

APPEAL.—ALLOWANCE FOR SUPPORT OF CHILD.—The allowance for support of child in a decree of divorce is an incident to the decree and is not a final judgment that may be appealed from.

APPEAL from part of a decree of the district court of the third district. The opinion states the facts.

*Mr. J. G. Sutherland,* for appellant.

*Mr. W. Van Cott,* for respondent.

HENDERSON, J.:

The appellant filed his bill in the probate court of Salt Lake county for divorce. The cause was removed on motion of respondent to the third district court. The defendant filed an answer and cross complaint. Thereafter, on January 12, 1887, a decree was entered in the case

which recites that "this cause having this day been brought on to be heard upon the complaint of plaintiff on file herein, taken as confessed by the defendant, who appeared by her attorney, W. Van Cott, Esq., and abandoned her answer and defense herein." The decree recites the hearing of testimony in support of the complaint; and then proceeds, on motion of the plaintiff, to decree a dissolution of the marriage between the parties, and to free them both from the obligations thereof. There is no provision whatever in relation to alimony, but it further decrees as follows: "It is further ordered, adjudged, and decreed that the plaintiff pay to Rosalind Maud Thomson, the issue of said plaintiff and defendant, the sum of $20 per month for her sole and exclusive support and education;" and further provides times and places of payment, and manner of enforcing the same. On the tenth day of June, 1887, the appellant below appealed to this court from that part of the judgment or decree providing for payment to Rosalind Maud Thomson as above set forth, and the case is brought to hearing on this appeal.

On the argument, we suggested the question as to whether an appeal could be taken from, and this court take jurisdiction over, the part of the decree appealed from, and it was contended that it was authorized by the statute. The statute relating to appeals, and under which the appellant claims his appeal in this cause, (Laws 1884, pp. 303, 304,) is as follows:

"Sec. 828. An appeal may be taken to the supreme court from the district court (1) from a final judgment in an action or special proceeding commenced in the court in which the same is rendered, within one year after the entry of judgment. But an exception to the decision or verdict, on the ground that it is not supported by the evidence, cannot be reviewed on an appeal from the judgment, unless the appeal is taken within sixty days after the rendition of the judgment. (2) From a judgment rendered on appeal from an inferior court, within ninety days after the entry of such judgment. (3) From an order granting or refusing a new trial; from an order granting or dissolving an injunction; from an order refusing to grant or dissolve

an injunction; from an order dissolving, or refusing to dissolve, an attachment; from an order granting, or refusing to grant, a change of the place of trial; from any special order made after final judgment; and from an interlocutory judgment in actions for partition of real property; and from an order confirming, changing, modifying, or setting aside the report, in whole or in part, of the referees in actions for the partition of real property, in the cases mentioned in the provisions of this Code relative to the partition of real property, within sixty days after the order or interlocutory judgment is made and entered in the minutes of the court, or filed with the clerk.

"Sec. 829.   An appeal is taken by filing with the clerk of the court in which the judgment or order appealed from is entered a 'notice stating the appeal from the same, or some specific part thereof, and serving a similar notice on the adverse party or his attorney.   *   *   *"

The appeal in this case must be claimed under the first subdivision of section 828.   This section provides for all the cases in which an appeal is allowed, and it will be seen that it does not authorize an appeal from a part of a final judgment.   Section 829 prescribes the manner in which an appeal may be taken, but it is contended that, as the latter section provides that the notice of appeal shall state the appeal from the judgment or order appealed from, "or some specific part thereof," it authorizes an appeal from any part of a final decree or judgment.   These sections are to be construed together.   They are the only provisions for appeal, and apply to all cases, legal and equitable; and the legislature, in enacting them, intended to meet and provide for the various causes as they should arise.   Equitable causes often involve numerous parties and various interests; and in rendering final judgment, and in decreeing and adjusting what may be supposed to be equities between the parties, it may happen that some part of it, when segregated and set apart from the balance, may in itself constitute and be a perfect judgment, independent of all other parts of the judgment, and be in itself appealable, or the court may in form combine some two of the orders mentioned in subdivision 2 of section 828 in one order.

Such orders or decrees, when speaking of the entire cause as a whole, may be designated as a single order or judgment; but such parts as are no doubt appealable from the whole, are to be considered as final judgments or orders. But it was only intended to permit an appeal from a final judgment, within this meaning of the statute, as a whole, and not to permit single controversies to be brought here in installments, (*Forgay* v. *Conrad*, 6 How. 201;) and the phrase "or some specific part thereof," in section 829, means some specific part which is appealable under the provisions of the previous section. Tested by this construction, if, in the final determination of a cause, there is some part of the judgment which in itself constitutes a final judgment, not dependent upon or modified by, and is in fact a final determination of, the entire controversy, then it is final and appealable. But, if, on the other hand, it is merely ancillary to or dependent on some other part which is its principal, or is a part of a general adjustment of equities, or, upon consideration of other parts by reason of its relation thereto, might have been modified or changed, then it is not appealable, but the appeal should be from the whole order.

It remains to be considered whether the part of the decree appealed from in this cause is appealable under this rule. The statute provides, (section 1155, Comp. Laws 1876:) "When a divorce is decreed, the court shall make such order in relation to the children and property of the parties, and maintenance of the wife and such portion of the children as may be awarded to her, as may be just and equitable; provided, further, that the parties may, with the approval of the court, themselves agree upon the distribution of the property and the disposal of the children." This is similar to provisions found in the statutes of the various states, and under them, so far as we have been enabled to examine the authorities, it is universally held that questions of alimony, custody, and support of children are but incidents to a divorce suit, and are not, in separation from them, matters of litigation. 2 Bish. Mar. & Div., secs. 488, 526, 540; *Methvin* v. *Methvin*, 60 Amer. Dec., 667; *Perry* v. *Perry*, 2 Paige, 504. And Schouler on Husband

and Wife, sec. 550, says: "Alimony, and the custody of offspring, and providing for their maintenance, branch out of a divorce suit, as proceedings purely ancillary to the main issue." And Bishop, in his work on Marriage and Divorce, says that these questions are purely incidental to divorce suits; that the courts take cognizance of them without any allegation in the pleadings respecting them. 2 Bish. Mar. & Div., secs. 486-488.

We think that it is deducible from the language of the statute that questions of alimony and care and support of offspring are but incidents to a divorce, and that, when the court assumes to destroy the relation which has brought children into existence, they should become wards of the court, and that, as an incident thereto, it may provide for them. The statute provides that, when a cause is heard in this court, the judgment appealed from may be reversed, affirmed, or modified. Suppose we undertake to modify in this case. What would be the basis of it? The matter out of which it springs we are precluded from considering. Suppose we reverse, and send it back to the district court. It would then stand as an undetermined controversy. Upon what would it proceed? The district court in granting the relief asked for by appellant, has imposed certain conditions concerning the maintenance of one who is referred to in the decree as the "issue of the parties." If he did not wish to accept the relief upon such conditions, he should have appealed from the whole decree, and thereby put the court in position to determine the entire controversy. If the court had not made the provision appealed from in favor of this child, it might in lieu thereof have provided for her by putting the respondent in possession of the necessary means for that purpose. We are of the opinion that the part of the decree appealed from is not a final judgment, but is merely an incident of the decree of divorce, and cannot be considered on this appeal. There are other reasons appearing in this record why the decree should not be disturbed, but it is unnecessary to discuss them.

An order should be entered dismissing the appeal.

ZANE, C. J., and BOREMAN, J., concurred.