PIERCE, Circuit Judge,
dissenting:
I dissent. I believe the order herein is final and thus appealable.
In my view, Forgay v. Conrad, 47 U.S. (6 How.) 201, 12 L.Ed. 404 (1848), is not distinguishable from this case. I read For-gay to hold that orders directing transfers of real property are generally to be considered final. The exception to the rule, which Forgay itself delineates, is an order directing transfer of real property to a receiver or requiring such property to be held in trust. Such an order is not appeala-ble since it merely maintains the status quo pending final disposition of the subject matter, and there is thus no possibility that the order will irreparably harm the property’s holder. Here, though the proceeds from the sale of the apartment have been placed in escrow, the real property itself has been transferred to the buyer to do with as he pleases. Real property is traditionally considered unique. Restatement, Second, Contracts § 360(e). Logically, loss of this unique property, not distribution of the sale proceeds, represents the irreparable harm of which Forgay speaks. Forgay at 202. Accordingly, I would find the order appealed from final within the rule of Forgay v. Conrad.
Finding the order final, I would reach the merits of the case, and would hold that the district court had jurisdiction over the matter as one related to a case under Title 11. See 28 U.S.C. § 1471. Accordingly, I would affirm rather than dismiss the appeal.