STAPLETON, Circuit Judge,
dissenting:
I respectfully dissent because I believe we are without appellate jurisdiction.
The court correctly concludes that the district court’s order having the effect of staying this case pending resolution of the bankruptcy proceeding is not a final order. It also correctly concludes that an attorney who no longer represents a party may under some circumstances appeal a sanction order under the collateral order doctrine. However, I believe it errs in concluding that the order here appealed from meets the “conelu-siveness” prong of the collateral order doctrine.
The first of the two provisions of the order imposing sanctions on Bender provides as follows:
[Plaintiff’s request to sanction defendants and/or their counsel for refusal to permit meaningful inspection of real property in compliance with this court’s orders of December 30, 1992 and January 25, 1993, is GRANTED, and defendant Harold E. Brown and attorney Rebecca E. Bender are DIRECTED TO PAY to the Clerk of Court the sum of $500.00 EACH for their willful refusal to comply with the court’s orders; additionally defendant Brown and attorney Bender, jointly and severally, are DIRECTED TO PAY to the Clerk of Court the reasonable travel expenses and standard hourly fees incurred by plaintiffs for the services of Mr. John Welsch, MAI, *1266 to the extent he was unable to inspect defendants’ properties, within 14 days of the filing by plaintiffs of a verified statement itemizing said expenses and fees....
App. at 659-60.
The court acknowledges that “the amount of this sanction remains unquantified” and that, generally, “an order is not final until it is reduced to a determinate amount” (Maj. op. at 1259). It relies, however, on a venerable exception to the general rule known as the Forgay-Conrad doctrine, see Forgay v. Conrad, 47 U.S. (6 How.) 201, 12 L.Ed. 404 (1848),[1] which is applicable to cases in which the order appealed from leaves nothing to do but a “ministerial act.” The court cites Apex Fountain Sales, Inc. v. Kleinfeld, 27 F.3d 931 (3d Cir.1994) as authority for its conclusion that this is such a case.
In Apex, this court held that an order establishing liability and ordering an accounting, but not quantifying the amount of money to be paid the plaintiff by the defendant, was not a final order. We made clear that the word “ministerial” in the context of the Forgay-Conrad doctrine refers to “mechanical” acts, like mathematical calculations, about which there can be no dispute. Only when the act remaining to be done is “ministerial” in this sense can an appellate court proceed with assurance that there will “be no likelihood of [a] further appeal.” Apex, 27 F.3d at 936 (quotation omitted). We stressed the importance of the considerations behind insisting on quantification of damages, quoting from the Supreme Court’s decision in Van Cauwenberghe v. Biard, 486 U.S. 517, 108 S.Ct. 1945, 100 L.Ed.2d 517 (1988):
“Permitting piecemeal appeals would undermine the independence of the district judge, as well as the special role that individual plays in our judicial system. In addition, the [finality] rule is in accordance with the sensible policy of avoiding the obstruction to just claims that would come from permitting the harassment and cost of a succession of separate appeals from the various rulings to which a litigation may give rise, from its initiation to entry of judgment.” Van Cauwenberghe v. Biard, 486 U.S. 517, 521-22 n. 3, 108 S.Ct. 1945, 1949 n. 3, 100 L.Ed.2d 517 (1988) (quotations omitted); see Catlin v. United States, 324 U.S. 229, 233-34, 65 S.Ct. 631, 633-34, 89 L.Ed. 911 (1945) (“The foundation of this policy is not in merely technical conceptions of ‘finality.’ It is one against piecemeal litigation.”).
Apex, 27 F.3d at 935 (alteration in original).
Most important for present purposes, we noted in Apex that this understanding of the importance of finality is “reflected in our eases holding that a district court order awarding ‘reasonable’ attorneys fees is not appealable until the fees are quantified in order to prevent two appeals — one on whether attorneys fees should be awarded and a second on the amount of the award.” Id. In my view, a determination of “reasonable travel expenses” and reasonable[2] fees for the expert services of a professional “to the extent he was unable to inspect defendants’ properties” holds no less potential for disagreement and a second appeal than does the typical determination of the amount of reasonable litigation expense and reasonable counsel fees following an unquantified award of such expenses and fees. Accordingly, I do not see how we can hear this appeal without hereafter also hearing appeals from unquantified counsel fee awards.
My concern about the court’s ruling on jurisdiction is based only in part on the considerations we stressed in Apex. Piecemeal appellate review is an inefficiency the federal judiciary can ill afford. But today’s ruling gives rise to a distinct, equally grave, concern. An order is either final or it is not *1267 final and if it is final, there is but a limited period in which courts of appeals have jurisdiction to review it. This makes it crucial that a party and its counsel be able to know with certainty when an order is final. In the absence of such certainty, counsel must either flood us with protective appeals or run the risk that appeal rights will be unintentionally foregone.[3] When the ministerial exception is extended beyond the realm of mathematic calculations, uncertainty will necessarily be generated in an area where certainty is essential to the efficient operation of the appellate justice system.
I would insist that the amount of the sanctions assessed against Ms. Bender be established before she is permitted to seek appellate review of those sanctions.[4] I see nothing to be lost by so requiring and a great deal to be gained.

. In the Forgay case itself, the order appealed from directed the immediate transfer of physical property to the plaintiff, as well as an accounting. The losing party was thus regarded as facing immediate irreparable injury and this fact has been regarded by numerous courts as essential to the result reached. See 9 James W. Moore et al., Moore’s Federal Practice ¶ 110.11, at 89-97 (2d ed. 1995).

. While the district court's order refers to "standard hourly fees” rather than "reasonable fees,” the former is obviously intended as an indicia of the latter and does not suggest to me that the potential for disagreement is less than that inherent in a lodestar determination.

. See 9 Moore et al., supra note 1, ¶ 110.11, at 98-99.

. The court considers it significant that Martin has apparently not yet applied to have the sanction quantified and may not do so hereafter. Ms. Bender, however, is free to apply to the court for an order requiring quantification or the deletion of the portion of the order relating to Martin's expenses.
Nor am I persuaded by the court’s suggestion that the district court's order is appealable because it constitutes “a symbiotic statement about the quality and integrity of" Ms. Bender’s work. We rejected such a suggestion in Eastern Maico Distributors, Inc. v. Maico-Fahrzeugfabrik, G.m.b.H., 658 F.2d 944, 951 (3d Cir.1981).