# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 20, 2009

Charles R. Fulbruge III
Clerk

No. 08-10790

VICTOR ALVARADO DELEON

Plaintiff-Appellee-Cross-Appellant

v.

CITY OF DALLAS

Defendant-Cross Appellee

v.

MARK DE LA PAZ

Defendant-Appellant-Cross-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:02-CV-1097

Before JONES, Chief Judge, and PRADO and HAYNES, Circuit Judges.

PER CURIAM:[*]

Two questions are presented by this appeal: (1) whether the district court properly denied summary judgment on the basis of qualified immunity to Dallas police officer Mark De La Paz on Victor Alvarado DeLeon's false arrest claim, and (2) whether the district court properly granted summary judgment to the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

City of Dallas ("the City") on DeLeon's Title VI claim. We AFFIRM (and therefore remand) the first issue and DISMISS the second as we lack jurisdiction to consider it.

## I.

This court has already issued multiple substantive rulings arising out of the very lawsuit underlying this appeal. We therefore refer to one of our previous decisions, *DeLeon v. City of Dallas*, 141 F. App'x 258, 259-60 (5th Cir. 2005), for a statement of the relevant facts.

## II.

## A.

The standard of review that this court applies in an interlocutory appeal asserting qualified immunity differs from the standard employed in most appeals of summary judgment rulings. *Kinney v. Weaver*, 367 F.3d 337, 347 (5th Cir. 2004) (en banc). In an interlocutory appeal, this court lacks the power to review the district court's decision that a genuine factual dispute exists and reviews only "whether the district court erred in assessing the legal significance of the conduct that the district court deemed sufficiently supported for purposes of summary judgment." *Id.* at 348. We accept the plaintiff's version of the facts as true, *id.*, and review de novo the district court's legal determination as to the materiality of the identified fact issues. *Lemoine v. New Horizons Ranch & Ctr., Inc.*, 174 F.3d 629, 634 (5th Cir. 1999). However, where, as here, the district court did not identify the genuine issues of material fact,[1] we have the option to "scour the record and determine what facts the plaintiff may be able to prove at trial and proceed to resolve the legal issues, or remand so that the trial court can

---

[1] In denying De La Paz's motion for summary judgment on the basis of qualified immunity, the district court simply stated, "there are genuine issues of material fact present that preclude the entry of summary judgment, and the court therefore denies summary judgment on this claim."

clarify the order." *Thompson v. Upshur County*, 245 F.3d 447, 456 (5th Cir. 2001); *see also Colston v. Barnhart*, 146 F.3d 282, 285 (5th Cir. 1998) (the appellate court has the authority to "conduct an analysis of the summary judgment record to determine what issues of fact the district court probably considered" in denying summary judgment.).

Qualified immunity protects public officials from suit unless their conduct violates a clearly established constitutional right. *Mace v. City of Palestine*, 333 F.3d 621, 623 (5th Cir. 2003). Once the defense of qualified immunity is raised, the plaintiff has the burden to establish facts that overcome the defense. *Collier v. Montgomery*, 569 F.3d 214, 217 (5th Cir. 2009). The plaintiff must show that: (1) the defendant's conduct violated a constitutional right, and (2) the defendant's conduct was objectively unreasonable in light of clearly established law as it existed at the time of the conduct in question. *Id*. Courts may "exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009).

The right to be free from arrest without probable cause is a right secured by the Fourth Amendment. *Daniel v. Ferguson*, 839 F.2d 1124, 1129 (5th Cir. 1988). "The Supreme Court has defined probable cause as the facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 204 (5th Cir. 2009) (internal quotation marks and citations omitted). Probable cause cannot exist where the affidavit supporting a warrant contains material false statements or omissions that are deliberate falsehoods or evidence a reckless disregard for the truth. *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978).

As the two-prong qualified immunity test is applied to this case, we cannot say that the district court committed reversible error in denying De La Paz summary judgment on the basis of qualified immunity. The second prong of the analysis is easily satisfied here. When De La Paz submitted his affidavit, the law was clearly established, and a reasonable officer would have known, that a government official violates the Fourth Amendment when he deliberately provides false, material information in an affidavit in support of a warrant. *See Hart v. O'Brien*, 127 F.3d 424, 448-49 (5th Cir.), *abrogated on other grounds by Kalina v. Fletcher*, 522 U.S. 118 (1997).

As for the first prong, we agree with the district court that a material fact issue exists as to whether De La Paz's conduct violated DeLeon's Fourth Amendment rights. DeLeon was arrested twice – once on April 19, 2001, and again on June 11, 2001. After DeLeon's April 19 arrest, De La Paz submitted an arrest warrant affidavit, alleging that he witnessed DeLeon participate in a drug transaction and requesting that an arrest warrant be issued on these charges. DeLeon claims that De La Paz submitted the affidavit knowing that the information it contained was false, and denies participating in or even the occurrence of a drug transaction on April 19. De La Paz has not challenged DeLeon's allegations, defended his affidavit, or pointed to alternate probable cause for the June 11 arrest. DeLeon spent approximately three months in jail as a result of the June 11 arrest. It is undisputed that the warrant issued as a result of De La Paz's affidavit was the only basis for probable cause for the June 11 arrest.[2] Thus, whether the drug transaction occurred and whether De La Paz

---

[2] De La Paz's main argument to this court is that the April 19 arrest, which was made by other officers, was supported by the alternate probable cause that DeLeon was an undocumented alien. Because we conclude that the June arrest was based solely on De La Paz's false affidavit, we need not address the dubious argument that an officer can give a knowingly false affidavit and avoid liability by the fortuity that, after the fact, he may be able to argue some other basis for the arrest.

knowingly falsified his affidavit are fact issues material to whether De La Paz's conduct violated DeLeon's Fourth Amendment right to be free from arrest absent probable cause. The district court's ruling on this point should be affirmed and the case remanded for trial.

## B.

Turning to DeLeon's claim against the City, as a general rule, "'a partial disposition of a multi-claim or multi-party action does not qualify as a final decision . . . and is ordinarily an unappealable interlocutory order.'" *Thompson v. Betts*, 754 F.2d 1243, 1245 (5th Cir. 1985) (quoting *Huckeby v. Frozen Food Express*, 555 F.2d 542, 545-46 (5th Cir. 1977)). As a result of the ruling regarding De La Paz, the judgment for the City is not final. Because none of the statutory[3] or jurisprudential[4] exceptions to this general rule apply here, we do not have jurisdiction to consider whether the district court properly granted summary judgment to the City on DeLeon's Title VI claim. Without jurisdiction, we must dismiss this portion of the appeal. *Stanley v. CIA*, 639 F.2d 1146, 1157 (5th Cir. Unit B 1981).

## III.

AFFIRMED and REMANDED in part, DISMISSED in part.

---

[3] *See* 28 U.S.C. § 1292(b); FED. R. CIV. P. 54(b).

[4] *See Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-47 (1949) (collateral order doctrine); *Forgay v. Conrad*, 47 U.S. 201, 204 (1848) (hardship-irreparable injury); *United States v. Garner*, 749 F.2d 281, 287-88 (5th Cir. 1985) (orders putting the party "effectively out of court").