# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 18-7174**                                          **September Term, 2018**

**1:14-cv-02031-ABJ**

**Filed On:** July 17, 2019

Randy Brown,

      Appellant

    v.

JPMorgan Chase Bank, N.A., et al.,

      Appellees

**BEFORE:**    Rogers, Griffith, and Katsas, Circuit Judges

## O R D E R

Upon consideration of the November 29, 2018 order to show cause why this appeal should not be dismissed for lack of jurisdiction, appellant's brief and the supplements thereto, which the court construes as a response to the order to show cause, appellee's responses, and appellant's reply; and the motion for a preliminary injunction, and the response thereto, it is

**ORDERED** that the order to show cause be discharged. It is

**FURTHER ORDERED** that this appeal be dismissed for lack of jurisdiction. Appellant has not demonstrated that either the collateral order doctrine, see Mohawk Industries, Inc. v. Carpenter, 558 U.S. 100, 106 (2009), or the interlocutory appeal statute, 28 U.S.C. § 1292(a), applies to the only order on appeal in this case: the district court's interlocutory November 6, 2018 minute order denying appellant's motion to amend his complaint and his request to reconsider the court's alleged "refusal to review plaintiff's pleadings in toto."

This court has jurisdiction over "appeals from all final decisions of the district courts of the United States . . . ." 28 U.S.C. § 1291. Courts give 28 U.S.C. § 1291 a "'practical rather than a technical construction,'" and may therefore exercise jurisdiction over "a 'small class' of collateral rulings that, although they do not end the litigation, are appropriately deemed 'final.'" Mohawk Industries, 558 U.S. at 106 (quoting Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 545-46 (1949)).

Pursuant to the collateral order doctrine, courts may review interlocutory orders of the district court "that are conclusive, that resolve important questions separate from the merits, and that are effectively unreviewable on appeal from the final judgment in the underlying action."  Mohawk Industries, 558 U.S. at 106.  The collateral order doctrine, however, does not apply to an interlocutory order denying a motion for leave to amend a complaint, because such an order may be effectively reviewed in an appeal from a final judgment.  See, e.g., Bridges v. Dep't of Maryland State Police, 441 F.3d 197, 206 (4th Cir. 2006) ("A denial of a motion to amend a complaint is not a final order, nor is it an appealable interlocutory or collateral order."); Bradshaw v. Zoological Soc. of San Diego, 662 F.2d 1301, 1304 (9th Cir. 1981) ("Such orders, as a class, contemplate further proceedings in the district court, and this court has previously held that review is available after the final judgment, into which they merge.").

Appellant also cites to the Supreme Court's opinion in Forgay v. Conrad, 47 U.S. 201 (1848), for the broad principal that interlocutory orders affecting a party's property rights are immediately appealable.  Insofar as Forgay presents a jurisdictional ground independent of the collateral order doctrine – a proposition this court has previously doubted, see Pigford v. Veneman, 369 F.3d 545, 547 (D.C. Cir. 2004) – Brown has not demonstrated that the order on appeal affected his property rights.

Finally, the interlocutory appeal statute permits review of "[i]nterlocutory orders of the district courts of the United States . . . granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court."  28 U.S.C. § 1292(a)(1).  The order on appeal here, however, had no such effect; it denied appellant's motion for leave to file an amended complaint, and addressed his concern that his race discrimination claims had been improperly disallowed.  It is

**FURTHER ORDERED** that the motion for a preliminary injunction be dismissed as moot.

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

## No. 18-7174                              September Term, 2018

The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  <u>See</u> Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**<u>Per Curiam</u>**

                **FOR THE COURT:**
                Mark J. Langer, Clerk

      BY:    /s/

                Ken Meadows
                Deputy Clerk