**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000497
17-NOV-2022
07:57 AM
Dkt. 15 OGMD**

NO. CAAP-22-0000497

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

GANG CHEN, Plaintiff-Appellee, v.
HAWAIIAN RIVERBEND, LLC, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3CC16100043K)

ORDER GRANTING MOTION TO DISMISS APPEAL
(By: Hiraoka, Presiding Judge, McCullen and Chan, JJ.)

Upon consideration of Plaintiff-Appellee Gang Chen's Motion to Dismiss Appeal, filed on October 27, 2022, the papers in support, the record, and there being no opposition, it appears that this Court lacks appellate jurisdiction over Defendant-Appellant Hawaiian Riverbend, LLC's (**Appellant**)[1] appeal from the Circuit Court of the Third Circuit's (**circuit court**) "Order Denying Michael Miroyan's Motion to Disqualify and Recuse Judge Robert D.S. Kim," filed on August 9, 2022 (**Denial Order**), as the circuit court has not entered a final, appealable order or judgment. See Hawaii Revised Statutes (**HRS**) § 641-1(a) (2016); Hawai'i Rules of Civil Procedure Rules 54(b), 58; Jenkins v.

---

[1] This appeal was filed by Michael Miroyan, purportedly on Appellant's behalf; however, Miroyan is not an attorney, and Appellant is unrepresented in this appeal. Miroyan is cautioned that it is "unlawful for any person . . . to engage in or attempt to engage in or to offer to engage in the practice of law, or to do or attempt to do or offer to do any act constituting the practice of law," HRS § 605-14 (2016), and Appellant is cautioned that "corporations and other entities must be represented by an attorney" licensed to practice in the State of Hawai'i. Alexander & Baldwin, LLC v. Armitage, 151 Hawai'i 37, 52, 508 P.3d 832, 847 (2022).

Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994).

Further, the Denial Order is not independently appealable under the collateral-order doctrine, the Forgay[2] doctrine, or HRS § 641-1(b).  See Greer v. Baker, 137 Hawaiʻi 249, 253, 369 P.3d 832, 836 (2016) (setting forth the requirements for appealability under the collateral-order doctrine and the Forgay doctrine); HRS § 641-1(b) (specifying requirements for leave to file interlocutory appeal); see also Fernandes v. D. Napua Law, No. CAAP-18-0000331, 2018 WL 4784076, at *2 (App. Oct. 4, 2018) (Order).

Therefore, IT IS HEREBY ORDERED that the motion is granted and the appeal is dismissed for lack of appellate jurisdiction.

DATED:  Honolulu, Hawaiʻi, November 17, 2022.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Derrick H.M. Chan
Associate Judge

---

[2] Forgay v. Conrad, 47 U.S. 201 (1848).