NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000743
05-JAN-2023
08:06 AM
Dkt. 14 ODSLJ**

NO. CAAP-22-0000743

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


HOWARD HOFELICH, Plaintiff-Appellant, and SOUTH PACIFIC SCUBA TOURS, INC., Plaintiff-Intervenor-Appellee, v. STATE OF HAWAII; STATE OF HAWAII DCCA, DLNR; DENNIS KRUEGER, Esq.; ASHFORD AND WRISTON LAW CORPORATION; DAVID KAAPU, Esq.; CARL VICENTI; JUNG & VASSAR LAW CORPORATION; RONALD IBARRA; DAVID LAWTON; UNITED STATES COAST GUARD VESSEL DOCUMENTATION CENTER; GENTRY KONA MARINA, INC.; GKM, INC.; GARY LAMBERT; RONALD EDWARD CLARK; MAKANI KAI CHARTERS, INC.; MOCK CHEW; DIVE O CORPORATION; DIVE OAHU CORPORATION; AACTION ADVENTURE, INC.; DIVE "O" DOES; PROFESSIONAL ASSOCIATION OF DIVE INSTRUCTORS, INC., Defendants-Appellees, and JOHN DOES 1-10; DOE CORPORATIONS 1-10; DOE GOVERNMENTAL ENTITIES 1-10, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 3CCV-21-0000297)


ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Hiraoka, Presiding Judge, McCullen and Chan, JJ.)

Upon review of the record, it appears that self-represented Plaintiff-Appellant Howard Hofelich appeals from the Circuit Court of the First Circuit's (**circuit court**) December 16, 2022 "Findings of Facts, Conclusions of Law and Order Granting Defendants David Lawton, Esq. and Jung & Vassar, P.C.'s Motion to Designate Plaintiff Howard Hofelich a Vexatious Litigant and for an Order to Post Security and Prefiling Order" (**Order**). We conclude that the court lacks appellate jurisdiction because the circuit court has not entered a final, appealable order or judgment. See Hawaii Revised Statutes (**HRS**) § 641-1(a) (2016); Hawaiʻi Rules of Civil Procedure Rules 54(b), 58; Jenkins v.

Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).  Further, the Order is not independently appealable under the collateral-order doctrine, the Forgay[1] doctrine, or HRS § 641-1(b).  See Greer v. Baker, 137 Hawai'i 249, 253, 369 P.3d 832, 836 (2016) (setting forth the requirements for appealability under the collateral-order doctrine and the Forgay doctrine); HRS § 641-1(b) (specifying requirements for leave to file interlocutory appeal).

Therefore, IT IS HEREBY ORDERED that the appeal is dismissed for lack of appellate jurisdiction.

IT IS FURTHER ORDERED that all pending motions are dismissed as moot.

DATED:  Honolulu, Hawai'i, January 5, 2023.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Derrick H.M. Chan
Associate Judge

---

[1] Forgay v. Conrad, 47 U.S. 201 (1848).