**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-24-0000337**
**27-DEC-2024**
**07:48 AM**
**Dkt. 51 OGMD**

NO. CAAP-24-0000337


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


LAUREN LIPCON, Plaintiff-Appellant,
v.
MALIKO COFFEE COTTAGES, MAURICE SMITH, SYDNEY SMITH, AND MURPHY TAUA, individual/business, HANA A. VANDERVOORT, JOSEPH B. JACOBS, ANDREW S. FISHER, ELLEN M. FISHER, COUNTY OF MAUI, Defendants-Appellee,
and
DOES 1-100, Defendants.


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 2CCV-22-0000308)


ORDER
(By: Wadsworth, Presiding Judge, Nakasone and McCullen, JJ.)


Upon consideration of Defendants/Counterclaimants Appellees Maliko Coffee Cottages, Maurice Smith, Sydney Smith and Murphy Taua's (collectively, **Appellees**) May 3, 2024 "Motion

to Dismiss Appeal CAAP-24-000337" (**Motion**), the papers in support and in opposition, and the record,[1] it appears that Appellees seek dismissal of the appeal filed by Plaintiff-Appellant Lipcon from the Circuit Court of the Second Circuit's April 23, 2024 "Order Denying [Lipcon]'s Motion to Strike [Appellees]' Motion for Preliminary Injunction" (**Order**) on the basis that the court lacks appellate jurisdiction.

The record reflects that the Circuit Court has not entered a final, appealable decree, order, or judgment. Hawaii Revised Statues (**HRS**) § 641-1(a) (2016); Hawaiʻi Rules of Civil Procedure (**HRCP**) Rules 58, 54(b); Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994). The Circuit Court has not certified the Order for appeal in a HRCP Rule 54(b) judgment or granted leave to file an interlocutory appeal under HRS § 641-1(b) (2016), and neither the Forgay[2] nor the collateral order doctrines apply here. See Greer v. Baker, 137 Hawaiʻi 249, 253, 369 P.3d 832, 836 (2016) (setting forth the requirements for appealability under the collateral-order doctrine and the Forgay doctrine); HRS § 641-1(b) (specifying requirements for leave to file interlocutory appeal). Nor does the Order constitute an order denying a motion to compel arbitration under HRS § 658-28(a)(1) as Lipcon urges.

---

[1]     We have also considered Plaintiff-Appellant Lauren Lipcon's (**Lipcon**) July 1, 2024 "Statement of Jurisdiction" and Appellees' July 1, 2024 "Counterstatement of Jurisdiction," which reiterate their respective arguments regarding appellate jurisdiction.

[2]     Forgay v. Conrad, 47 U.S. 201 (1848).

Therefore, IT IS HEREBY ORDERED that the Motion is granted and the appeal is dismissed for lack of appellate jurisdiction.

DATED:  Honolulu, Hawaiʻi, December 27, 2024.

/s/ Clyde J. Wadsworth
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge