**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000118
31-JAN-2025
10:59 AM
Dkt. 125 ODSLJ**

NO. CAAP-24-0000118
(CONSOLIDATED WITH NO. CAAP-24-0000119)

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


NO. CAAP-24-0000118

IN THE MATTER OF THE ESTATE OF THEODORE STUPAK, DECEASED
(CASE NO. 1CLP-21-0000287)

AND

NO. CAAP-24-0000119

IN THE MATTER OF THE THEODORE STUPAK REVOCABLE LIVING TRUST
DATED MAY 19, 2005, AS AMENDED AND RESTATED
(CASE NO. 1CTR-22-0000135)

APPEALS FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT


ORDER DIMISSING APPEAL FOR LACK OF JURISDICTION
(By: Leonard, Acting C.J., and Wadsworth and McCullen, JJ.)

Upon review of the record, it appears that Petitioner/Respondent-Appellant Steven Stupak appeals from the Circuit Court of the First Circuit's March 22, 2024 Order Granting in Part and Denying in Part Petition for Instructions or in the Alternative to Remove Co-Personal Representative Steven Stupak, Filed August 15, 2022, entered in 1CLP-21-0000287, and its March 22, 2024 Order Granting in Part and Denying in Part Petition for Instructions or in the Alternative to Remove Successor Co-Trustee Steven Stupak, entered in 1CTR-22-0000135 (together, **March 22, 2024 Orders**).

The court lacks appellate jurisdiction because the Circuit Court in each case has not entered a final, appealable

order or judgment. See Hawaii Revised Statutes (**HRS**) § 641-1(a) (2016); Hawaiʻi Probate Rules (**HPR**) Rule 34(a), (d); Hawaiʻi Rules of Civil Procedure (**HRCP**) Rules 54(b) and 58; Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994). Further, the March 22, 2024 Orders are not independently appealable under the collateral-order or Forgay[1] doctrines, nor has the Circuit Court granted leave for interlocutory appeal under HPR Rule 34(c), in accordance with HRS § 641-1(b). See Greer v. Baker, 137 Hawaiʻi 249, 253, 369 P.3d 832, 836 (2016) (setting forth the requirements for appealability under the collateral-order doctrine and the Forgay doctrine); HRS § 641-1(b) (specifying requirements for leave to file interlocutory appeal). In these circumstances, where, among other things, the Circuit Court has not expressed an intention to enter appealable judgments, we also decline to exercise our authority under HRS § 602-57(3) to temporarily remand these matters for that purpose.

Therefore, IT IS HEREBY ORDERED that the appeal is dismissed for lack of jurisdiction.

DATED: Honolulu, Hawaiʻi, January 31, 2025.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge

---

[1] Forgay v. Conrad, 47 U.S. 201 (1848).