**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-24-0000475**
**03-FEB-2025**
**08:01 AM**
**Dkt. 61 OGMD**

NO. CAAP-24-0000475

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

ASSOCIATION OF APARTMENT OWNERS OF CANTERBURY PLACE,
Plaintiff/Counterclaim Defendant-Appellant,
v.
CANTERBURY HOLDINGS, LLC, a Hawaii Limited Liability Company,
Defendant/Counterclaimant/Cross-claimant/
Third-Party Plaintiff-Appellee,
and
STARNEV, LTD., a Nevada Limited Liability Company,
Defendant/Cross-claim Defendant-Appellee,
and
1910 PARTNERS, LLP and BRUCE J. STARK,
Third-Party Defendants,
and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10;
DOE CORPORATIONS 1-10; DOE ENTITIES 1-10;
DOE GOVERNMENTAL UNITS 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CCV-22-0001071)

ORDER GRANTING MOTION TO DISMISS APPEAL
(By: Leonard, Acting Chief Judge, Hiraoka and Guidry, JJ.)

Upon consideration of Defendant/Counterclaimant/
Cross-claimant/Third Party Plaintiff-Appellee Canterbury
Holdings, LLC's (**Canterbury Holdings**) December 11, 2024 "Motion
to Dismiss Appeal for Lack of Jurisdiction and for Sanctions"
(**Motion**), the papers in support and in opposition, and the
record, it appears that Canterbury Holdings seeks dismissal of
the appeal for lack of jurisdiction and an award of sanctions
against Plaintiff/Counterclaim Defendant-Appellant Association of
Apartment Owners of Canterbury Place (**AOAO**).

The AOAO appeals from the Circuit Court of the First Circuit's June 12, 2024 "Findings of Fact, Conclusions of Law and Order Granting Defendant/Counterclaim Plaintiff Canterbury Holdings, LLC's Rule 50 Oral Motion for Judgment as a Matter of Law" (**June 12, 2024 Order**).  The court lacks jurisdiction because the Circuit Court has not entered a final, appealable order or judgment.  Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994).  The June 12, 2024 Order is not independently appealable under the collateral order or Forgay[1] doctrines.  See Greer v. Baker, 137 Hawaiʻi 249, 253, 369 P.3d 832, 836 (2016) (setting forth requirements for appealability under the collateral order and Forgay doctrines).  The Circuit Court did not grant leave for an interlocutory appeal.  Hawaii Revised Statutes § 641-1(b) (2016) (specifying requirements for leave to file interlocutory appeal).  The notice of appeal cannot be construed as a premature appeal from a final judgment under Hawaiʻi Rules of Appellate Procedure Rule 4(a)(2) because the record does not reflect that the Circuit Court announced a final, appealable decision before the AOAO filed its notice of appeal.  Accordingly, we will grant the request for dismissal.

Canterbury Holdings fails to cite authority supporting an award of sanctions against the AOAO.  Accordingly, we will deny the request for sanctions.

Therefore, IT IS HEREBY ORDERED that the Motion is granted in part and denied in part as follows:

1.   The appeal is dismissed; and

2.   The request for sanctions is denied.

DATED:  Honolulu, Hawaiʻi, February 3, 2025.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge

---

[1] Forgay v. Conrad, 47 U.S. 201 (1848).

2