**Electronically Filed
Intermediate Court of Appeals
CAAP-26-0000015
02-APR-2026
08:30 AM
Dkt. 22 ODSLJ**

NO. CAAP-26-0000015

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

MIKAEL KLEMME, Plaintiff-Appellee,
v.
DARRYL BANKS; BANKS PACIFIC CONSTRUCTION, INC.,
Defendants-Appellants,
and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10;
DOE CORPORATIONS 1-10; DOE ENTITIES 1-10, Defendants.

BANKS PACIFIC CONSTRUCTION, INC.,
Counterclaimant-Appellant,
v.
MIKAEL KLEMME; CHRIS HANSEN,
Counterclaim Defendants-Appellees,
and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10;
DOE CORPORATIONS 1-10; DOE ENTITIES 1-10, Defendants.

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CCV-20-0000185)

ORDER GRANTING MOTION TO DISMISS APPEAL
(By: Nakasone, Chief Judge, Hiraoka and Wadsworth, JJ.)

Upon consideration of Plaintiff-Appellee Mikael
Klemme's (**Klemme**) March 16, 2026 Motion to Dismiss Appeal for
Lack of Appellate Jurisdiction and for Sanctions, the papers in
support and in opposition, and the record, it appears that Klemme
seeks dismissal of the appeal for lack of jurisdiction and an
award of sanctions against Defendants-Appellants Darryl Banks and
Banks Pacific Construction, Inc. (**Banks Parties**) for filing a
frivolous appeal.

Banks Parties appeal from the Circuit Court of the Second Circuit's October 13, 2025 "Order Granting Plaintiff Mikael Klemme's Motion for Partial Summary Judgment on Count IV (Unfair and Deceptive Trade Practices) and Count VII (Violation of HRS Chapter 444) of the First Amended Complaint, Filed on July 19, 2022, Filed on September 12, 2025 [Dkt. 176]." The court lacks jurisdiction because the Circuit Court has not entered a final, appealable order or judgment, see Hawaiʻi Revised Statutes (**HRS**) § 641-1(a) (2016); Hawaiʻi Rules of Civil Procedure Rules 54(b), 58; Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994), and the October 13, 2025 order from which Banks Parties appeal is not independently appealable under the collateral-order[1] or Forgay[2] doctrines, nor has the Circuit Court granted leave for interlocutory appeal under HRS § 641-1(b). See Greer v. Baker, 137 Hawaiʻi 249, 253, 369 P.3d 832, 836 (2016) (setting forth the requirements for appealability under the collateral-order doctrine and the Forgay doctrine); HRS § 641-1(b) (specifying requirements for leave to file interlocutory appeal).

The court declines to grant Klemme's request for sanctions in conjunction with this dismissal order, because Hawaiʻi Rules of Appellate Procedure Rule 38 only allows such an award where the court "determines that an appeal **decided by it** was frivolous." (Emphasis added).

Therefore, IT IS HEREBY ORDERED that the March 16, 2026 Motion to Dismiss Appeal for Lack of Appellate Jurisdiction and for Sanctions is granted in part and denied in part as follows:

1. The appeal is dismissed for lack of jurisdiction; and

---

[1] Contrary to Banks Parties' argument, whether a party is a "consumer" for purposes of a claim under HRS § 480-2 (2008) is an issue of standing, not immunity from suit. See Guieb v. Guieb, 156 Hawaiʻi 162, 168, 571 P.3d 382, 388 (2025) ("Because Roland was not a consumer, the AG, or director of the office of consumer protection, he had no standing to bring a UDAP claim.").

[2] Forgay v. Conrad, 47 U.S. 201 (1848).

2.     The request for sanctions is denied without prejudice to Klemme seeking appropriate relief from the Circuit Court.

DATED:   Honolulu, Hawaiʻi, April 2, 2026.

/s/ Karen T. Nakasone
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge