**Electronically Filed
Intermediate Court of Appeals
CAAP-26-0000341
16-JUN-2026
08:10 AM
Dkt. 25 ODSLJ**

NO. CAAP-26-0000341

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

ASSOCIATION OF APARTMENT OWNERS OF KUHIO SHORES AT POIPU,
Plaintiff-Appellee,
v.
WILLIAM H. GILLIAM, Defendant-Appellant,
and
PACIFIC RIM PROPERTY SERVICE CORPORATION, a Hawaiʻi Corporation;
DIRECTOR OF FINANCE, COUNTY OF KAUAʻI,
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10;
DOE CORPORATIONS 1-10; DOE ENTITIES 1-10; and
DOE GOVERNMENTAL UNITS 1-10, Defendants-Appellees.

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CASE NO. 5CC161000063)

ORDER GRANTING MOTION TO DISMISS APPEAL
FOR LACK OF APPELLATE JURISDICTION
(By: Nakasone, Chief Judge, Wadsworth and Gluck, JJ.)

Upon consideration of Plaintiff-Appellee Association of Apartment Owners of Kuhio Shores at Poipu's (**AOAO**) Motion to Dismiss Appeal for Lack of Appellate Jurisdiction, the papers in support and in opposition, and the record, it appears that the AOAO seeks dismissal of this appeal from the Circuit Court of the Fifth Circuit's March 25, 2026 "Order Granting Receiver's

Non-Hearing Motion to Substitute Realtor, Filed on February 26, 2026, Dkt. 505" (**Substitution Order**).

The court lacks appellate jurisdiction because the Circuit Court has not entered a final, appealable order or judgment, see Hawaiʻi Revised Statutes (**HRS**) § 641-1(a) (2016); Hawaiʻi Rules of Civil Procedure Rules 54(b), 58; Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994), and the Substitution Order is not independently appealable under the collateral order or Forgay[1] doctrines, nor has the Circuit Court granted leave for an interlocutory appeal under HRS § 641-1(b).  See Greer, 137 Hawaiʻi at 253, 369 P.3d at 836 (setting forth the requirements for appealability under the collateral-order doctrine and the Forgay doctrine); HRS § 641-1(b) (specifying requirements for leave to file interlocutory appeal).

Therefore, IT IS HEREBY ORDERED that this appeal is dismissed for lack of jurisdiction.

DATED:  Honolulu, Hawaiʻi, June 16, 2026.

/s/ Karen T. Nakasone
Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Daniel M. Gluck
Associate Judge

---

[1]  Forgay v. Conrad, 47 U.S. 201 (1848).  The Forgay doctrine authorizes an appeal from (1) a judgment for immediate execution against an interest in real property that is (2) effectively unreviewable on appeal from a final judgment.  Greer v. Baker, 137 Hawaiʻi 249, 253, 369 P.3d 832, 836 (2016).  The Substitution Order does not command immediate execution against an interest in real property.  See, e.g., Malagodi v. Nice, Nos. CAAP-24-0000014 and CAAP-24-0000015, 2026 WL 937700, (App. Apr. 7, 2026) (SDO) (concluding that the court lacked appellate jurisdiction over an order denying a motion for a stay of a separate order, that was itself appealable under Forgay, because the order appealed-from did "not command an immediate transfer of property or order the sale of the property").