319 P.3d 376

**Hovey B. LAMBERT, Trustee Under that Hovey B. Lambert Trust, an unrecorded Revocable Living Trust Agreement dated April 5, 2002, Respondent/Plaintiff–Appellee,**

v.

**Lesieli TEISINA, Petitioner/Defendant–Appellant**

and

**Penisimani Teisina, Petitioner/Intervenor–Appellant,**

and

**Waha (K), et al., Defendants–Appellees.**
**No. SCWC–12–0001024.**

Supreme Court of Hawai'i.

Jan. 10, 2014.

**458**

R. Steven Geshell, Honolulu, for petitioners.

Philip J. Leas, W. Keoni Schultz and Lori K. Amano, Honolulu, for respondent.

NAKAYAMA, Acting C.J., ACOBA, McKENNA, and POLLACK, JJ., and Circuit Judge LEE, in place of RECKTENWALD, C.J., recused.

PER CURIAM.

Petitioners/defendants-appellants Lesieli Teisina and Penisimani Teisina (collectively, "the Teisinas") apply for certiorari review of the Intermediate Court of Appeals' ("ICA") dismissal of their appeal from the "Order Granting Plaintiff's Motion to Allow Overbidding, to Confirm Sale, to Account for and Direct Reimbursement of Expenses and Attorneys' Fees and to Disburse Net Proceeds" ("Confirmation Order") for lack of jurisdiction. The Teisinas contend that the ICA has jurisdiction over the appeal because the Con-

firmation Order qualifies as a final, appealable order in the absence of a final judgment under the exception announced in *Forgay v. Conrad,* 47 U.S. 201, 6 How. 201, 12 L.Ed. 404 (1848). Respondent/plaintiff-appellee Hovey B. Lambert, Trustee Under the Hovey B. Lambert Trust ("Trustee Lambert") argues that the ICA correctly dismissed the appeal for lack of jurisdiction because no final judgment has been entered in the case, and the Confirmation Order does not satisfy any of the exceptions to the final judgment requirement for appeals.

We conclude that the Confirmation Order qualifies as a final, appealable order under the *Forgay* doctrine, and may be immediately reviewed on appeal in the absence of a final judgment. Accordingly, we vacate the dismissal order and remand the matter to the ICA for disposition of the appeal on the merits.

## I.   Background

### A.   Brief Factual History

The Lambert family owned a substantial portion of two parcels of land located in Laie, Hawai'i—Parcel 33 [1] and the Kuleana parcel.[2] Peter K. Lua ("Lua") owned a small portion of Parcel 33.

In 1991, Lua sold 10,000 square feet of Parcel 33 to the Teisinas and the Teisinas built what is now a 5,800 square feet, three-story home valued at approximately $393,200.00. The Teisinas have always lived in their home and at some point rented out some of the rooms. The Teisinas later conveyed a small portion of their interest in Parcel 33 to the Fa family.[3]

> All of that certain parcel of land (being all of the land(s) described in and covered by Royal Patent Number 1303, Land Commission Award Number 3741, Apana 4 to Waha) situate, lying and being at Laie, Koolauloa, Island of Oahu, City and County of Honolulu, State of Hawaii[.]

3.  Based on the information presented in the record, it appears that Mr. Teisina conveyed a portion of his interest in Parcel 33 to the Fa Family. Ms. Teisina did not sign the conveyance document.

---

1.  "Parcel 33" is identified as Tax Map Key No. (1) 5–5–001–033 and described as:

> All of that certain parcel of land (being portion of the land(s) described in and covered by Royal Patent Number 7494, Land Commission Award Number 8559–B, Apana 36 to William C. Lunalilo) situate, lying and being at Laie, Koolauloa, Island of Oahu, City and County of Honolulu, State of Hawaii[.]

2.  The "Kuleana parcel" is identified as Tax Map Key No. (1) 5–5–001–035 and described as:

## B. Brief Procedural History

### 1. Summary

The Teisinas property was sold to Trustee Lambert in the underlying partition sale.[4] The sale was confirmed to Trustee Lambert pursuant to the Confirmation Order. The Teisinas appealed from the Confirmation Order, but the ICA dismissed the appeal for lack of jurisdiction because no final judgment was entered in the case. The Teisinas applied for certiorari review of the ICA's dismissal order, which we accepted.

### 2. Relevant Procedural History – Circuit Court

Trustee Lambert alleged that the Teisinas owned 3/5824 interest (less than 10,000 square feet) in Parcel 33 and moved for summary judgment to partition their interest along with the remainder of Parcel 33 as well as the Kuleana parcel. The Teisinas opposed summary judgment on the ground that they owned a larger portion of Parcel 33 (10,000 square feet). The circuit court granted summary judgment for partition, appointed a commissioner to sell the parcels at a public auction, and ordered the sale proceeds to be distributed pursuant to court order. The court's decision was memorialized in the "Order Granting Plaintiff's Motion for Summary Judgment Regarding Partition and Title, Filed April 26, 2010", filed on June 20, 2011 ("Summary Judgment Order"). The Summary Judgment Order authorized Trustee Lambert and any party holding a 10% or greater interest in the respective parcels to credit bid[5] at the auction. The Teisinas' 3/5824 interest in Parcel 33 was less than a 10% interest.

The circuit court stayed the sale for a short time. Trustee Lambert successfully moved to dissolve the stay. At that time, the court affirmatively declared that the Teisinas owned the home they built on Parcel 33 and

that they were free to remove or abandon the home. The court also ordered the commissioner to turn over to the Teisinas any monies he collected from the tenants residing at the Teisinas' house.

The Teisinas later moved the court to include their house in the partition sale and requested an evidentiary hearing to establish the enhancement value of their house before the auction could take place. The circuit court included the house in the partition sale but declined to hold an evidentiary hearing on the enhancement value.

The circuit court also denied the Teisinas request to allow them to use the enhancement value of their house, which their expert valued at $393,200.00, in lieu of a supersedeas bond for any future stay requests and to allow them to use the value to bid at the auction.

When the Teisinas appealed the summary judgment order and several interlocutory orders (CAAP–12–0000529), the circuit court conditioned a stay upon the posting of a $400,000.00 bond. The Teisinas were unable to post a bond and the appeal was eventually dismissed for lack of appellate jurisdiction.

The public auction took place on June 5, 2012. There were two bids for Parcel 33—a $400,000 bid to include the Teisinas' house and a $425,000 bid from Trustee Lambert not to include the Teisinas' house.

On October 25, 2012, the circuit court confirmed the sale. The Confirmation Order states that "the Teisinas' house on Parcel 33 contributed $150,000 in value to the confirmed purchase price of $425,000" and, therefore, "it is appropriate that the Teisinas' house bear 150/425ths of the fees and costs incurred in this partition as attributed to Parcel 33[.]" After payment of the respective percentage of the commissioner's fees

---

4. This was the second partition action filed by the Lambert family. In 1996, the Lambert family sought to partition Parcel 33 and the adjoining Kuleana parcel (Civil No. 96–0859–03) but failed to prosecute their lawsuit following an appeal from a default judgment, *see Lambert v. Lua,* 92 Hawai'i 228, 990 P.2d 126 (1999), and the case was dismissed.

5. A "credit bid" is a bid up to an amount equal to the unpaid principal and interest of a debt, together with costs, fees, and other expenses, without tendering cash. *See generally First Commercial Mortg. Co. v. Reece,* 89 Cal.App.4th 731, 737, 108 Cal.Rptr.2d 23 (Cal.Ct.App.2d Dist. 2001) ("The purpose of [a credit bid] is to avoid the inefficiency of requiring the lender to tender

and expenses ($12,336.52), Trustee Lambert's attorneys' fees ($180,000.00) and costs ($4,100.97), and Parcel 33's real property taxes ($44,914.26), the Teisinas were awarded $71,750.12 [6] to be distributed when they surrendered their house. The circuit court ordered the sale to close by November 25, 2012, unless extended, and "retain[ed] jurisdiction, as needed to assure the orderly transition of Parcel 33 and to make any adjustments to the distribution to the Teisinas as may be warranted if there is noncompliance or delay in [peacefully surrendering their house]." In all respects, the Confirmation Order effectively terminated the Teisinas' rights to the property.

Final judgment as to Parcel 33 has not been entered.[7]

### 3. The Appeal

On November 20, 2012, the Teisinas appealed from the Confirmation Order. After the opening brief was filed but before the answering and reply briefs were filed, the ICA dismissed the appeal for lack of jurisdiction because a final judgment was not entered in the case. The Teisinas moved for reconsideration of the ICA's dismissal order, which the ICA denied.

### 4. The Application for a Writ of Certiorari

On June 12, 2013, the Teisinas timely filed an application for a writ of certiorari to review the ICA's "Order Dismissing Appeal for Lack of Appellate Jurisdiction", filed on May 16, 2013 ("Dismissal Order") and the ICA's May 29, 2013 order denying their motion for reconsideration. We accepted the certiorari application and directed the parties to file supplemental briefs addressing the applicability of the *Forgay* doctrine to an order

confirming a partition sale. The parties timely responded.

The Teisinas argue that the *Forgay* doctrine is applicable to the Confirmation Order because they will suffer irreparable injury once the court-ordered transfer of Parcel 33 to Trustee Lambert is completed. Trustee Lambert argues that the *Forgay* doctrine is not binding on Hawai'i courts and that its application to an order confirming a partition sale would liberalize the interpretation of Hawai'i's appellate jurisdiction statute thereby increasing the likelihood of multiple appeals from the same case. He maintains that a writ of possession has not been issued against the Teisinas and that any irreparable injury or immediate loss of property is a result of the Teisinas' decision to include their house in the partition sale.

### II. Discussion

■ Disposition of this certiorari application is limited to a single question—Does the ICA have jurisdiction to entertain the appeal in this case? To answer this question, we must determine whether an order confirming a partition sale is appealable as a final order in the absence of Hawai'i Rules of Civil Procedure ("HRCP") Rule 54(b) certification. We conclude that the Confirmation Order meets the requirements of appealability under the *Forgay* doctrine, and therefore, may be immediately reviewed as an appealable final order.

### A. The Separate Judgment Requirement

■ Hawai'i Revised Statutes ("HRS") § 641–1(a) (Supp. 2012) authorizes appeals in civil cases from final judgments, orders, or decrees. Such appeals "shall be taken in the manner ... provided by the rules of court." HRS § 641–1(c) (1993). Consistent with

---

cash which would only be immediately returned to it.").

**6.** The Teisinas' share of the sale proceeds was calculated as follows:

| | |
|---|---|
| Share of Gross Proceeds ($425,000) | $150,000.00 |
| Share of Commissioner's Fees/Costs | ($3,918.66) |
| Share of Property Taxes | ($15,852.09) |
| Share of Trustee Lambert's Fees/Costs | ($58,479.13) |
| NET DISTRIBUTION | $71,750.12 |

**7.** Final judgment as to the Kuleana parcel was entered on August 27, 2013.

HRS § 641–1(c)'s directive, HRCP Rule 58 was promulgated and specifically requires that "[e]very judgment shall be set forth on a separate document." Based on this requirement, the supreme court has held that "[a]n appeal may be taken ... only after the order[ ] ha[s] been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" *Jenkins v. Cades Schutte Fleming & Wright*, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). The separate judgment must "either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." *Jenkins*, 76 Hawai'i at 119, 869 P.2d at 1338. "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record [on appeal] is filed in the supreme court will be dismissed." *Id.* at 120, 869 P.2d at 1339 (footnote omitted).

## B. The Forgay Doctrine Exception to the Separate Judgment Requirement

■ There are several exceptions to the separate judgment requirement.[8] One recognized exception is the *Forgay* doctrine. This doctrine, which is sometimes referred to as the hardship and irreparable injury exception to the final judgment requirement, was established by the United States Supreme Court in *Forgay v. Conrad*, 47 U.S. 201, 6 How. 201, 12 L.Ed. 404 (1848),[9] and adopted by this court in dictum in *Ciesla*.[10] Although narrow in scope and limited in use, the *Forgay* doctrine permits a direct appeal from a non-final, interlocutory order or decree that commands the immediate transfer of property, where the losing party will be subjected to undue hardship and irreparable injury if appellate review must wait until the final outcome of the litigation. *See Ciesla*, 78 Hawai'i at 20, 889 P.2d at 704; *Bank of Hawai'i v. Davis Radio Sales & Serv., Inc.*, 6 Haw.App. 469, 475 n. 10, 727 P.2d 419, 424 n. 10 (1986); *Penn v. Transportation Lease Hawai'i, Ltd.*, 2 Haw.App. 272, 630 P.2d 646 (1981). The *Forgay* doctrine is therefore an appropriate exception to the final judgment requirement in light of the consequences of an order or decree requiring an immediate change in the ownership or possession of real property.

## C. The October 25, 2012 Confirmation Order is Appealable Under the Forgay Doctrine

We now turn to our original inquiry—Whether the October 25, 2012 Confirmation Order is appealable as a final order in the absence of Rule 54(b) certification?

Foreclosure decrees, writs of possession, and orders for the sale of specific property are examples of orders and decrees that this Court has held to be appealable under the *Forgay* doctrine. *See, e.g., Waimanalo Village Residents' Corp. v. Young*, 87 Hawai'i 353, 363 n. 7, 956 P.2d 1285, 1295 n. 7 (1998) (judgment for possession, accompanied by writ of possession, was appealable under *Forgay* doctrine); *International Sav. & Loan Ass'n v. Woods*, 69 Haw. 11, 16, 731 P.2d 151, 154–55 (1987) (decree foreclosing mortgage and ordering sale of property was appealable under the *Forgay* doctrine because the appellants would be subjected to irreparable injury if their condominium

8. Exceptions to the separate, final judgment requirement include the *Forgay* doctrine, the collateral order doctrine, and HRS § 641–1(b) (1993). *See Ciesla v. Reddish*, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995) (discussing the two requirements for appealability under the *Forgay* doctrine); *Abrams v. Cades, Schutte, Fleming & Wright*, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998) (discussing the three requirements for appealability under the collateral order doctrine); HRS § 641–1(b) (setting forth the requirements for an appeal from an interlocutory order).

9. In *Forgay*, the United States Supreme Court held that an order providing for the immediate delivery to an assignee in bankruptcy of property that had previously been conveyed to the bankrupt was appealable even though the underlying case was to continue for an accounting. The court held that the order was appealable because it directed the immediate delivery of property and threatened irreparable hardship to the appellant. The order was found final, in itself, even though the case was not fully resolved.

10. In *Ciesla*, the court dismissed the appeal as untimely but went on in dictum to note that the judgment for possession being appealed, which was accompanied by a writ of possession, would have been immediately appealable under the *Forgay* doctrine.

apartment was sold before the foreclosure decree could be reviewed). This court, therefore, has traditionally permitted appeals of nonfinal, interlocutory orders that command the immediate transfer of property. Thus, a partition confirmation order that effectively terminates property rights is similarly appealable under the *Forgay* doctrine.

We recognize, however, that no Hawai'i case law has specifically addressed the applicability of the *Forgay* doctrine to an order confirming a partition sale and directing distribution of the sale proceeds—like the order at issue in this appeal.[11] We, therefore, look to cases from other jurisdictions for guidance. *See Sierra Club v. Department of Transp., State of Hawai'i*, 120 Hawai'i 181, 200–03, 202 P.3d 1226, 1245–48 (2009) (the court can look to other jurisdictions for assistance); *County of Hawai'i v. C & J Coupe Family Ltd. P'ship*, 119 Hawai'i 352, 369, 198 P.3d 615, 632 (2008) (opinions on an issue from other jurisdictions were useful where no Hawai'i case addressed the issue).

There are a number of jurisdictions that have addressed the appealability of a partition decree or confirmation order in the absence of a final judgment, but the holdings in those cases are based upon the statute or case law of the specific jurisdiction. The Ninth Circuit's analysis and application of the *Forgay* doctrine to a partition decree in *Sekaquaptewa v. MacDonald*, 575 F.2d 239 (9th Cir.1978), however, is helpful to our present jurisdictional query and supports this court's conclusion that an order confirming a partition sale is appealable under the *Forgay* doctrine. There, the Ninth Circuit inquired as to whether it had jurisdiction to review an appeal of a partition judgment, which ordered a partition sale that would effectively transfer separate possession from one party to another and use of lands previously held jointly. *Sekaquaptewa*, 575 F.2d at 241–42. Recognizing the pragmatic construction given to the finality requirement, the court addressed the narrow relaxation of the finality rule for orders transferring property announced in *Forgay v. Conrad* and concluded that even though the partition judgment did not direct the immediate delivery of property, the order had the effect of depriving one group of property owners of property they previously occupied and, therefore, the hardship of relocation would be exacerbated by a refusal to undertake immediate review. *Id.* at 243. The court determined that the partition judgment was sufficiently "final" to be appealable. *Id.*

Here, the October 25, 2012 Confirmation Order meets the requirements of appealability under the *Forgay* doctrine. Although the October 25, 2012 Confirmation Order does not command the immediate execution of the property to Trustee Lambert, the order confirms the sale to Trustee Lambert, directs the commissioner to convey the property to Trustee Lambert, and orders the Teisinas to surrender the property within 30 days of the conveyance. The Confirmation Order effectively terminates the Teisinas' rights to the property and they will suffer irreparable injury if appellate review is postponed until final judgment.

## III.   Conclusion

Based on the foregoing, the ICA's May 16, 2013 Dismissal Order is vacated and the matter is remanded to the ICA for disposition of the appeal.[12]

---

11.  Hawai'i's case law has established that an order appointing a commissioner and directing a partition sale (e.g., a partition decree) is an interlocutory order that is not appealable unless allowed by the trial judge. *See Cooke Trust Co., Ltd. v. Ho*, 43 Haw. 243 (Terr.1959).

12.  The certiorari application also seeks review of the ICA's May 29, 2013 order denying the Teisinas' motion for reconsideration, which is not reviewable by this court by application for writ of certiorari. *Cf.* HRS § 602–59(a) (application for writ of certiorari must be filed within a specified time after the filing of the ICA's judgment or dismissal order); HRAP 40.1(a) (same).