**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-22-0000153**
**24-MAY-2022**
**08:15 AM**
**Dkt. 12 OGMD**

NO. CAAP-22-0000153

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

ALICE ANDRADE DALOMBA, Plaintiff-Appellee, v.
JASON RAY MUELLER, Defendant-Appellant;
VILLAGE OF KAPOLEI ASSOCIATION; FIRST HAWAIIAN BANK,
and DOES 1-50, Defendants-Appellees.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CC161001468)

ORDER GRANTING MOTION TO DISMISS APPEAL
(By: Hiraoka, Presiding Judge, Wadsworth and Nakasone, JJ.)

Upon consideration of the Motion to Dismiss for Lack of Jurisdiction (**Motion**), filed on March 31, 2022, by Plaintiff-Appellee Alice Andrade Dalomba, the papers in support and in opposition, and the record, it appears that we lack appellate jurisdiction over Defendant-Appellant Jason Ray Mueller's (**Mueller**) appeal from the Circuit Court of the First Circuit's (**circuit court**) March 17, 2022 "Order Granting in Part and Denying in Part [Dalomba]'s Motion for Partition by Sale, Filed February 7, 2022" (**Order**) because the circuit court has not entered a final, appealable judgment, and the Order is not independently appealable.

An aggrieved party cannot obtain appellate review of a circuit court's interlocutory orders in a civil case, under Hawaii Revised Statutes (**HRS**) § 641-1(a) (2016), until the circuit court has reduced its dispositive rulings to an

appealable, final judgment under Hawaiʻi Rules of Civil Procedure Rule 58.  Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994).  Here, the circuit court has not entered a final, appealable judgment.

Further, the Order is not independently appealable under the collateral-order doctrine or HRS § 641-1(b).  See Greer v. Baker, 137 Hawaiʻi 249, 253, 369 P.3d 832, 836 (2016) (reciting the requirements for appeals under the collateral-order doctrine); HRS § 641-1(b) (2016) (reciting the requirements for leave to file an interlocutory appeal); see also Lambert v. Teisina, 131 Hawaiʻi 457, 462 n.11, 319 P.3d 376, 381 n.11 (2014) ("[A]n order appointing a commissioner and directing a partition sale (e.g., a partition decree) is an interlocutory order that is not appealable unless allowed by the trial judge.").

In addition, the Order is not independently appealable under the Forgay doctrine because it does not confirm the sale of the subject property (**Property**), direct the distribution of sale proceeds, or direct Mueller to surrender his interest in the Property within a specified time period.  See Greer, 137 Hawaiʻi at 253, 369 P.3d at 836 (reciting the requirements for appeals under the Forgay doctrine); see also Fernandes v. D. Napua Law, No. CAAP-18-0000331, 2018 WL 4784076, at *2 (App. Oct. 4, 2018) (interlocutory order adopting commissioner's report and directing partition of real property, and interlocutory order denying motion for reconsideration of order, was not appealable under Forgay doctrine because it did not (1) require immediate execution of command that property be delivered to appellants' adversary, and (2) appellants would not be subjected to irreparable injury if appellate review had to wait final outcome of litigation); cf. Lambert, 131 Hawaiʻi at 462, 319 P.3d at 381 (interlocutory order confirming partition sale and directing distribution of sale proceeds was appealable under Forgay doctrine because it confirmed sale of property, directed

commissioner to convey property to trustee, and ordered parties to surrender property within thirty days of conveyance).

Therefore, IT IS HEREBY ORDERED that the Motion is granted and the appeal is dismissed for lack of appellate jurisdiction.

DATED:  Honolulu, Hawaiʻi, May 24, 2022.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge