**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000754
26-APR-2024
08:17 AM
Dkt. 62 SO**

NO. CAAP-19-0000754

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


BROWN W. CANNON; MARTHA W. CANNON, Plaintiffs-Appellees, v.
THERESA H.H. DODD, Defendant-Appellant,
and
ANNA ECKART-DODD, Personal Representative for
THE ESTATE OF WILLIAM HORACE DODD, ALSO KNOWN AS
WILLIAM HORACE DODD, JR., WILLIAM H. DODD AND WILLIAM DODD,
Defendants-Appellees,
and
DOE DEFENDANTS 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CC181001889)


SUMMARY DISPOSITION ORDER
(By: Leonard, Acting C.J., and Wadsworth and McCullen, JJ.)

This appeal arises out of a dispute over a contract to purchase real property (the **Property**) owned by Defendant-Appellant Theresa H.H. Dodd (**Theresa**)[1] and her now-deceased former husband William Horace Dodd (**William**). Plaintiffs-Appellees Brown W. Cannon and Martha W. Cannon (**the Cannons**) initially sued Theresa and William for, among other things, specific performance of the parties' purchase contract. Following William's death in November 2018, the Cannons filed the February 11, 2019 First Amended Complaint in which they substituted Defendant-Appellee Anna Eckart-Dodd, Personal Representative for the Estate of William Horace Dodd, also known

---

[1] Theresa was self-represented in this appeal until April 17, 2024, when her newly retained counsel filed a Notice of Appearance.

as William Horace Dodd, Jr., William H. Dodd and William Dodd (the **Estate**), for William.

Theresa appeals from the following documents entered on October 1, 2019, by the First Circuit of the Circuit Court:[2/]  (1) the "Order Granting [the Cannons'] Motion for Entry of Default Judgment and Summary Judgment Against [Theresa], Filed June 27, 2019" (**Order**); and (2) the "Notice of Entry of Final Judgment Pursuant to Hawai[ʻ]i Rules of Civil Procedure Rule 54(b)."  In the Order, the Circuit Court ordered specific performance of the purchase contract, the closing of the sale of the Property, and the transfer of Theresa's interest and the Estate's interest in the Property to the Cannons.

On appeal, Theresa contends that the Circuit Court erred in: (1) granting default and/or summary judgment in favor of the Cannons; and (2) granting attorneys' fees, costs, and damages in favor of the Cannons.

In response, the Cannons argue, among other things, that:  (1) Theresa's appeal is moot because she did not obtain a stay of the Order pending her appeal, and the sale of the Property moved forward; and (2) this court lacks jurisdiction over the Circuit Court's February 5, 2020 order granting the Cannons' October 30, 2019 motion for attorneys' fees, costs, and damages.

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve the parties' contentions as follows.

## I.  Jurisdiction and Mootness

On May 7, 2020, the Cannons filed a motion to dismiss Theresa's appeal as moot (**Motion**).  The Cannons argued that the appeal was moot because Theresa did not obtain a stay of the Order pending her appeal, and during this appeal, Theresa's interest in the Property was conveyed to the Cannons by way of a deed, pursuant to the Circuit Court's subsequent orders.

---

[2/]    The Honorable James S. Kawashima presided.

On May 19, 2020, this court entered an order denying the Cannons' Motion without prejudice. We first concluded that this court has jurisdiction over Theresa's appeal from the Order, even though the Order was not reduced to a judgment.[3/] We reasoned:

> Although the circuit court has not yet reduced its disposition to a separate judgment as Hawaii Revised Statutes (**HRS**) § 641-1(a) (2016) and Rule 58 of the Hawaiʻi Rules of Civil Procedure require under the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994), we have appellate jurisdiction to review the October 1, 2019 order pursuant to the Forgay doctrine based on the United States Supreme Court's holding in Forgay v. Conrad, 47 U.S. 201 (1848). See, e.g., Ciesla v. Reddish, 78 Hawaiʻi 18, 20, 889 P.2d 702, 704 (1995); Lambert v. Teisina, 131 Hawaiʻi 457, 462,[ ]319 P.3d 376, 381 (2014).

(Footnote omitted.)

We then addressed the Cannons' mootness argument, and denied the Motion without prejudice. We noted that the Cannons themselves acquired ownership of the Property by way of the conveyance, and that even when an appeal is moot, dismissal is not mandatory where an exception to the mootness doctrine applies. We concluded that "further review and consideration of these issues, in conjunction with this court's review of the merits on appeal, is warranted."

Under Hawaiʻi law, mootness is an issue of justiciability. See State v. Hewitt, 153 Hawaiʻi 33, 42, 526 P.3d 558, 567 (2023). "Simply put, a case is moot if the reviewing court can no longer grant effective relief." Kahoʻohanohano v. State, 114 Hawaiʻi 302, 332, 162 P.3d 696, 726 (2007) (internal quotation marks, emphasis and brackets omitted) (quoting Kemp v. State of Hawaiʻi Child Support Enf't Agency, 111 Hawaiʻi 367, 385, 141 P.3d 1014, 1032 (2006)).

---

[3/]    "[A] party cannot appeal from a circuit court order even though the order may contain [Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule] 54(b) certification language; the order must be reduced to a judgment and the [HRCP Rule] 54(b) certification language must be contained therein." Oppenheimer v. AIG Hawaii Ins. Co., 77 Hawaiʻi 88, 93, 881 P.2d 1234, 1239 (1994); Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 120, 869 P.2d 1334, 1339 (1994) ("If a judgment purports to be certified under HRCP [Rule] 54(b), the necessary finding of no just reason for delay must be included in the judgment." (citation omitted)).

Upon further review and consideration of the Cannons' argument, we conclude that this appeal is not moot. As previously noted, the Cannons themselves acquired ownership of the Property by way of the conveyance. The Cannons are parties to this appeal and the underlying action. If we were to conclude that the Circuit Court erred by ordering the conveyance of Theresa's interest in the Property to the Cannons, we could vacate the Order and grant effective relief to Theresa. Accordingly, the Motion is denied.[4/]

However, we do not have jurisdiction over the Circuit Court's grant of attorneys' fees, costs, and damages in favor of the Cannons. The October 1, 2019 Order does not finally resolve this issue, and we do not have jurisdiction over the Circuit Court's February 5, 2020 order granting the Cannons' October 30, 2019 motion for attorneys' fees, costs, and damages. In these circumstances, Theresa's October 29, 2019 notice of appeal does not trigger Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 4(a)(2), and the Cannons' October 30, 2019 motion was not a tolling motion under HRAP Rule 4(a)(3).

## II.  Theresa's Contentions

Theresa contends that the Circuit Court erred in granting summary judgment and/or default judgment in favor of the Cannons. She argues that the Circuit Court denied her due process by striking her written opposition to the Cannons' motion for entry of default and/or summary judgment, despite Theresa's limited English proficiency. She further argues that default and/or summary judgment was erroneously granted because: (1) she was not properly served with the complaint; and (2) the Property was the subject of a family court proceeding, two pending appeals, and a family court stay order.

Addressing Theresa's contentions requires a brief review of the relevant procedural background. On April 25, 2019, process server Nelson Tamayori filed a return of service certifying that Theresa was personally served with a copy of the

---

[4/]     For similar reasons, the Cannons' April 8, 2024 motion to dismiss appeal based on mootness is also denied.

Complaint and the First Amended Complaint on April 24, 2019. After Theresa failed to file an answer or otherwise respond to the First Amended Complaint, the Cannons filed a May 16, 2019 request to clerk for entry of default against Theresa. In support of their request, the Cannons submitted a copy of the April 25, 2019 return of service, as well as the Declaration of Georgia Anton, counsel for the Cannons, stating that she had personally observed the service of the Complaint and the First Amended Complaint upon Theresa at the Kapolei Judiciary Complex on April 24, 2019. On May 16, 2019, the Clerk of the Court entered default against Theresa.

On June 14, 2019, Theresa filed an untimely memorandum in opposition to the Cannons' May 16, 2019 request for entry of default. She asserted that she had not been served with the complaint, and the issues between the parties were the subject of two pending appeals and a family court stay order.

On June 27, 2019, the Cannons filed their motion for entry of default judgment and summary judgment against Theresa, which the Estate joined on August 2, 2019. On August 12, 2019, two days before the scheduled hearing on the Cannons' motion, Theresa filed an untimely opposition memorandum, which, among other things, repeated the assertions made in her June 14, 2019 opposition memorandum.

At the August 14, 2019 hearing on the Cannons' motion, the Circuit Court struck the repetitious and untimely August 12, 2019 opposition memorandum, but allowed Theresa an opportunity to fully present her arguments at the hearing, at which time she asserted, among other things, that she "never" received the complaint.[5] The Circuit Court deemed her assertion "noncredible" and granted "default because of failure to respond and summary judgment based on submissions supporting this motion."

Theresa's contention that she was denied due process is without merit. Based on our review of the record, it appears that Theresa, after failing to respond to the First Amended Complaint, was given a full opportunity to present her arguments

---

[5] The Circuit Court did not strike the June 14, 2019 opposition memorandum.

against default and summary judgment at the August 14, 2019 hearing.  Theresa spoke at length during the hearing, during which she stated that she had never received the complaint and referred to a pending family court proceeding.  The Circuit Court directly addressed the latter issue in the Order, concluding that the Cannons were not bound by the rulings and orders in the family court proceeding.  On this record, we conclude that Theresa was given "an opportunity to be heard at a meaningful time and in a meaningful manner" before the Circuit Court granted the Cannons' motion.  See Sandy Beach Def. Fund v. City Council of City & Cnty. of Honolulu, 70 Haw. 361, 378, 773 P.2d 250, 261 (1989).  She was not denied due process.

We next address Theresa's contention that default and/or summary judgment was erroneously granted.  HRCP Rule 55(b) governs the entry of default and judgment by default.  HRCP Rule 55(c), in turn, governs the setting aside of the entry of default and judgment by default, as applicable.  Specifically, HRCP Rule 55(c) provides that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."  Here, although Theresa did not file a Rule 55(c) motion as such, given her self-represented status and the substance of her opposition to the Cannons' motion, we evaluate her arguments under the applicable Rule 55(c) standard.

In Chen v. Mah, 146 Hawaiʻi 157, 457 P.3d 796 (2020), the supreme court ruled that prospectively, an HRCP Rule 55(c) motion to set aside entry of default is to be evaluated based only on whether there has been a showing of "good cause."  Id. at 176, P.3d at 815.  However, such motions decided prior to Chen must still be evaluated under the three-prong test established in BDM, Inc. v. Sageco, Inc., 57 Haw. 73, 549 P.2d 1147 (1976), which is the standard we apply here.  See Chen, 146 Hawaiʻi at 174, 457 P.3d at 813.  Under BDM, "a motion to set aside a default entry or a default judgment may and should be granted whenever the court finds (1) that the nondefaulting party will not be prejudiced by the reopening, (2) that the defaulting party has a meritorious defense, and (3) that the default was not the

result of inexcusable neglect or a wilful act." BDM, 57 Haw. at 76, 549 P.2d at 1150 (citing 10 Wright & Miller, Federal Practice and Procedure § 2696 (1973)). All three prongs must be satisfied for a trial court to grant a motion to set aside entry of default. See The Nature Conservancy v. Nakila, 4 Haw. App. 584, 589-91, 671 P.2d 1025, 1030-31 (1983); see also Chen, 146 Hawaiʻi at 174, 457 P.3d at 813 (addressing the third prong first because it was dispositive).

Here, Theresa did not satisfy the second and third prongs of the BDM test, either of which is dispositive. We address the third prong first, as it tracks Theresa's first argument as to why default and/or summary judgment was erroneously granted. Under the third prong, Theresa had the burden of establishing that her default was not the result of inexcusable neglect or a wilful act. She argued that she was not served with the complaint.

At the time of the alleged service of the Complaint and the First Amended Complaint, HRS § 634-22 stated in relevant part that "[t]he [return of service] . . . shall be prima facie evidence of all it contains, and no further proof thereof shall be required unless either party desires to examine the . . . independent civil process server . . . making service, in which case the . . . independent civil process server . . . shall be notified to appear for examination." HRS § 634-22 (2016). Accordingly, the April 25, 2019 return of service constituted prima facie evidence that Theresa was served as stated therein, and there is no indication in the record that the process server was notified to appear for examination. In these circumstances, the Circuit Court did not abuse its discretion in concluding that Theresa had not established that she had not been served with the Complaint and the First Amended Complaint. Accordingly, Theresa did not satisfy her burden of establishing that her default was not the result of inexcusable neglect or a wilful act.

Under the second prong of the BDM test, Theresa had the burden of establishing that she had a meritorious defense. She contends that the Circuit Court was precluded from entering default and/or summary judgment in favor of the Cannons where

there were two pending appeals from family court decisions related to the Property, and a family court order staying the sale of the Property pending resolution of the appeals.[6] More specifically, Theresa argues that "if the pending appeals determine that William, now the Personal Representative [of the Estate], has no right to proceed with the sale of the [P]roperty, that decision will be *res judicata* on the Cannons . . . ." She argues alternatively that "since the Cannons are in privity with William/the Personal Representative on the sale of the Property, a decision in Theresa's favor in the appeals would bar the Cannons claims under the doctrine of collateral estoppel."

However, the doctrines of res judicata (*i.e.*, claim preclusion) and collateral estoppel (*i.e.*, issue preclusion) did not bar the Circuit Court from entering the Order. For either doctrine to apply, there must have been a final judgment on the merits of the prior action that is claimed to have preclusive effect – here, the family court divorce proceeding between Theresa and William (now the Estate). See Bremer v. Weeks, 104 Hawaiʻi 43, 54, 85 P.3d 150, 161 (2004). There was no final judgment in the family court proceeding for claim or issue preclusion purposes because appeals were taken from the challenged family court orders, and were still pending when the Circuit Court entered the Order.[7] See Littleton v. State, 6 Haw. App. 70, 75, 708 P.2d 829, 833 (1985) ("It follows from Glover[ v. Fong, 42 Haw. 560, 574 (1958),] that where an appeal has been taken, a judgment of the trial court is not final, at least for purposes of res judicata." (emphasis omitted)).

Additionally, for claim preclusion to apply, both parties must be the same or in privity with the parties in the prior action, and for issue preclusion to apply, the party against whom issue preclusion is asserted – here, the Cannons – must have been a party or in privity with a party to the prior

---

[6] The record does not make clear exactly what the family court stayed. In their answering brief, the Cannons refer to "the Family Court's stay on submission of motions regarding the sale of the Property."

[7] The appeals have since been resolved. See Eckert-Dodd v. Dodd, Nos. CAAP-18-0000147 & CAAP-18-0000696, 2024 WL 166837 (Haw. App. Jan. 16, 2024).

action.  Bremer, 104 Hawaiʻi at 54, 85 P.3d at 161.  The Cannons were not parties to the family court proceeding between Theresa and William (now the Estate), and Theresa did not establish that the Cannons were in privity with William (or the Estate) in that proceeding.  In sum, the family court orders at issue, including the stay order, did not bind the Cannons and did not preclude the Circuit Court from entering the Order.  For purposes of HRCP Rule 55(b) and (c), Theresa failed to satisfy her burden of establishing that she had a meritorious defense.

Similarly, for purposes of opposing summary judgment, Theresa failed to raise a genuine issue of material fact as to whether the Circuit Court was precluded from entering the Order.  Accordingly, the Circuit Court did not err in granting default and/or summary judgment in favor of the Cannons.

### III. Conclusion

For the reasons discussed above, the October 1, 2019 "Order Granting Plaintiffs' Motion for Entry of Default Judgment and Summary Judgment Against Defendant Theresa H.H. Dodd, Filed June 27, 2019," is affirmed.  The Cannons' April 8, 2024 motion to dismiss appeal is denied.  Theresa's April 17, 2024 motion to extend the time to respond to the motion to dismiss appeal is denied as moot.

DATED:  Honolulu, Hawaiʻi, April 26, 2024.

On the briefs:

Theresa Hai Hua Dodd
Self-represented Defendant-
Appellant.

Michael C. Carroll and
Andrew C. Chianese
(Bays Lung Rose & Holma)
for Plaintiffs-Appellees.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge