**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000014
07-APR-2026
07:51 AM
Dkt. 198 SO

NOS. CAAP-24-0000014 AND CAAP-24-0000015

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


MARK MALAGODI and JANET JOHNSTON, Plaintiffs/Counterclaim
Defendants-Appellees,
v.
CAMERON E. NICE, MARTHA J. JACOBSEN, aka MARTHA J. JACOBSON-
NICE, Defendants/Counterclaimants-Appellants,
and
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., as nominee for
AMERICAN SAVINGS BANK, F.S.B., a Federal Savings Bank,
Defendant-Appellee,
and
JOHN DOES 1-20, JANE DOES 1-20, DOE PARTNERSHIPS 1-20, DOE
CORPORATIONS 1-20, and DOE ENTITIES 1-20, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CASE NO. 5CCV-22-0000027)


SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, Hiraoka and Guidry, JJ.)


In this consolidated appeal,[1] self-represented

Defendants-Appellants Cameron E. Nice and Martha J. Jacobsen

---

[1] This court consolidated these related appeals on September 12, 2024.

(collectively, the **Nices**) challenge orders related to the enforcement of a purchase contract for the sale of their residential property to Plaintiffs-Appellees Mark Malagodi and Janet Johnston (collectively, the **Malagodis**), after the circuit court granted summary judgment on the Malagodis' claim for specific performance.  We dismiss for lack of jurisdiction.

In CAAP-24-0000014, the Nices appeal from the October 11, 2023 "Order Denying [the Nices'] Motion for Stay of Order and Leave to Proceed in Forma Pauperis (Supersedeas Bond) Filed Herein on September 2 and 11, 2023" (**Order Denying Stay**) and the December 13, 2023 "Order Denying [the Nices'] Motion for Reconsideration to [the Nices'] Motion for Stay of Order and Leave to Proceed in Forma Pauperis (Supersedeas Bond) Filed Herein on October 23, 2023" (**Order Denying Reconsideration**), both filed by the Circuit Court of the Fifth Circuit (**Circuit Court**).[2]

In CAAP-24-0000015, the Nices appeal from the December 13, 2023 "Order Granting [the Malagodis'] Motion to Hold [the Nices] in Contempt of Court Filed Herein on November 3, 2023" (**Contempt Order**), filed by the Circuit Court.

The Nices' Opening Briefs in both cases substantially fail to comply with Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rules 10, 28(b)(4) and (b)(7).  The Malagodis' Answering Briefs in each case challenge this court's jurisdiction.  These challenges have merit.

On November 1, 2022, the Circuit Court granted summary judgment on the Malagodis' claim for specific performance, but the Nices thereafter still refused to close the sale.

---

[2]     The Honorable Randal G.B. Valenciano presided.

On March 10, 2023, the Malagodis filed a "Motion to Compel [the Nices] to Sign Closing Documents," which was heard and orally granted on August 8, 2023. The Circuit Court compelled the Nices to sign closing documents by September 7, 2023, or post a supersedeas bond of $1,826,663.89 as a condition to obtain a stay.

On September 7, 2023, the Circuit Court filed its "Order Granting [the Malagodis'] Motion to Compel [the Nices] to Sign Closing Documents Filed Herein on March 10, 2023" (**Order Granting Motion to Compel**), which commanded the Nices to:

> sign and execute all closing documents required by Old Republic Title and Escrow to close the sale, including all conveyance documents, the payment of all conveyance taxes, the satisfaction of all liens and encumbrances, the payment of all fees and commissions and the issuance of title insurance to Plaintiffs Malagodi, for Defendants Nice's [sic] [subject property] . . . pursuant to the terms of the parties' Purchase Contract, as amended, including the As Is Condition Addendum . . . by 4:30 p.m. Thursday, September 7, 2023.

The Nices did not appeal from the Order Granting Motion to Compel. Instead, on September 11, 2023, the Nices requested a stay of the Order Granting Motion to Compel, noting their "low income status" and "financial stress of the [Malagodis'] frivolous and fraudulent Notice of Pendency."

On October 11, 2023, the Circuit Court denied the motion to stay in its Order Denying Stay, and the Nices filed a motion for reconsideration on October 23, 2023.

On November 3, 2023, due to the Nices' continued refusal to sign closing documents, the Malagodis filed a motion to hold the Nices in contempt. At a November 16, 2023 hearing, the Circuit Court orally granted the Malagodis' motion.

On December 13, 2023, the Circuit Court issued its Contempt Order imposing a fine of $1,500.00 per day, effective

from November 4, 2023 and until the Nices closed the sale of, and vacated, the property.

On December 13, 2023, the Circuit Court also filed its Order Denying Reconsideration.

On January 8, 2024, the Nices filed their Notice of Appeal of the October 11, 2023 Order Denying Stay and the December 13, 2023 Order Denying Reconsideration, generating CAAP-24-0000014.

On January 9, 2024, the Nices filed their Notice of Appeal of the December 13, 2023 Contempt Order, generating CAAP-24-0000015.

## 1. CAAP-24-0000014

In their jurisdictional challenge, the Malagodis argue that the October 11, 2023 Order Denying Stay is not a final order, and not appealable as a collateral order or appealable under the Forgay doctrine.[3]  We agree that the Order Denying Stay is not a final order or an appealable collateral order.  See Siangco v. Kasadate, 77 Hawaiʻi 157, 161, 883 P.2d 78, 82 (1994) (holding that under the collateral order doctrine, an interlocutory order may be appealable if the order "[(1)] conclusively determine[s] the disputed question, [(2)] resolve[s] an important issue completely separate from the merits of the action, and [(3)] [is] effectively unreviewable on appeal from final judgment" (citations omitted)).  The Malagodis argue the Order Denying Stay is not appealable under Forgay because it "does not command the immediate transfer of property, but only denies the Appellant Nice's [sic] request to stay the court's previous [Order Granting Motion to Compel]."

---

[3]     See Forgay v. Conrad, 47 U.S. 201 (1848).

4

"The existence of jurisdiction is a question of law that this court reviews de novo under the right/wrong standard." Uyeda v. Schermer, 144 Hawaiʻi 163, 170, 439 P.3d 115, 122 (2019) (citation omitted).

Under the Forgay doctrine, an interlocutory order may be appealable if it "commands the immediate transfer of property, where the losing party will be subjected to undue hardship and irreparable injury if appellate review must wait until the final outcome of the litigation." Lambert v. Teisina, 131 Hawaiʻi 457, 461, 319 P.3d 376, 380 (2014) (citations omitted).

Here, while the underlying September 7, 2023 Order Granting Motion to Compel was an appealable interlocutory order because it "command[ed] the immediate transfer of property" and arguably would have subjected the Nices "to undue hardship and irreparable injury if appellate review" was delayed to the end of the litigation,[4] the appealed-from order is the October 11, 2023 Order Denying Stay. The October 11, 2023 Order Denying Stay denies the request for a stay, and does not command an immediate transfer of property or order the sale of the property, and is not appealable. See id. For the same reason, the December 13, 2023 Order Denying Reconsideration is also not appealable under Forgay. We conclude we lack jurisdiction over the appeal in CAAP-24-0000014. See Uyeda, 144 Hawaiʻi at 170, 439 P.3d at 122.

---

[4]    "Foreclosure decrees, writs of possession, and orders for the sale of specific property are examples of orders and decrees that [the Hawaiʻi Supreme Court] has held to be appealable under the *Forgay* doctrine." Lambert, 131 Hawaiʻi at 461, 319 P.3d at 380 (citations omitted).

### 2. CAAP-24-0000015

The Malagodis also challenge this court's jurisdiction over the December 13, 2023 Contempt Order, arguing that it is not a final appealable order, and not appealable as a collateral order or under Forgay.

Here, the Contempt Order is not a final order, and is not an appealable interlocutory order because it did not "conclusively determine the disputed question," where it imposed fines that would accrue daily until the Nices complied, did not direct payment of a sum certain by a date certain, and was not enforceable through contempt proceedings. Siangco, 77 Hawaiʻi at 161, 883 P.2d at 82 (citations omitted) (holding that "the collateral order doctrine [did] not apply" because the "circuit court's order did not fully and finally dispose of the sanctions issue" where "it did not specify the amount" of attorney's fees the appellant would have to pay); see Harada v. Ellis, 60 Haw. 467, 480, 591 P.2d 1060, 1070 (1979). The fact that the total fine amount was subsequently finalized in a separate order on January 12, 2026 does not alter this analysis.[5] See Siangco, 77 Hawaiʻi at 161, 883 P.2d at 82. The Contempt Order is also not appealable under Forgay because the Nices were permitted to pay the accrued fines as a credit to the purchase price on closing, such that the order did not command an "immediate transfer of property[.]" See Lambert, 131 Hawaiʻi at 461, 319 P.3d at 380 (citations omitted). We conclude we lack jurisdiction over the appeal in CAAP-24-0000015. See Uyeda, 144 Hawaiʻi at 170, 439 P.3d at 122.

---

[5] We take judicial notice of this order in the underlying case, 5CCV-22-0000027. The Nices are not precluded from challenging this order once a final appealable order or judgment is entered.

For the foregoing reasons, we dismiss this consolidated appeal.  As this is an order of dismissal, no judgment will be filed.

All related pending motions are also dismissed.

DATED:  Honolulu, Hawaiʻi, April 7, 2026.

On the briefs:

Cameron E. Nice and
Martha J. Jacobson-Nice,
Self-represented Defendants/
Counterclaimants-Appellants.

Jonathan J. Chun,
for Plaintiffs/Counterclaim
Defendants-Appellees.

Bradford J. Dang,
for Defendant-Appellee
AMERICAN SAVINGS BANK, F.S.B.

/s/ Karen T. Nakasone
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge